**Jeffrey BERNOTAS, Plaintiff,**

v.

**HARLEY DAVIDSON, INC., Defendant.**

**Civ. A. No. 81–606.**

United States District Court,
W. D. Pennsylvania.

March 9, 1982.

---

James A. Villanova, Pittsburgh, Pa., for plaintiff.

John Edward Wall, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## OPINION

MARSH, District Judge.

This is a products liability action in which the defendant, Harley Davidson, Inc., has filed a motion for summary judgment. After hearing and consideration of the arguments of counsel, and upon review of the pleadings, affidavits, depositions and briefs submitted, we find that there still remains a disputed issue of material fact which precludes the granting of a motion for summary judgment.

In a motion for summary judgment, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *First Pa. B. & T. Co. v. United States Life Ins. Co.*, 421 F.2d 959, 962 (3rd Cir. 1969). The burden is upon the moving party to demonstrate that no genuine issue as to any material fact exists and that said party is entitled to judgment as a matter of law.

As stated in 6 Moore's Federal Practice ¶ 56.15[3] at pp. 56–463 to 467:

"The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law.

"The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Footnotes omitted.)

Judge Maris in *Toebelman v. Missouri-Kansas Pipe Line Co.*, 130 F.2d 1016, 1018 (3rd Cir. 1942) stated:

"Upon a motion for summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried .... All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. *Weisser v. Mursam Shoe Corporation*, 2d Cir. 1942, 127 F.2d 344."

The facts viewed in a light most favorable to the party opposing the motion are as follows:

Plaintiff, Jeffrey Bernotas, was injured on June 7, 1980, when the motorcycle he was riding collided with a telephone pole. At the time of the accident, plaintiff was operating a 1978 Harley Davidson Sportster, Model XLCH, motorcycle which he had purchased from a friend in March or April, 1979. This motorcycle was manufactured by the defendant and was equipped with a side kickstand on the left side of the motorcycle. On the day of the accident, the plaintiff had stopped briefly at a gasoline station and talked to a person who he thought he recognized (Deposition Tr. 31). He did not get off his motorcycle, but did put the kickstand down because he was

talking to someone and sitting on the motorcycle (Deposition Tr. p. 32).

Plaintiff pulled out of the gas station and admittedly forgot to put the kickstand up. He travelled between 20 and 40 feet and heard the kickstand scraping on the ground as he leaned into a turn (Deposition Tr. pp. 32–33). The kickstand appeared to be jammed in the forward position so plaintiff tried to get some of his weight off the front wheel by sitting back further in his seat (Deposition Tr. p. 33).

However, the plaintiff was unable to control the motorcycle because the stand acted in a manner to hinder its movement and sent the motorcycle off at an angle hitting the telephone pole (Deposition Tr. p. 33), thereby causing injuries primarily to plaintiff's right leg which was broken in three places.

Plaintiff had previously owned other motorcycles and, on at least one occasion, when he forgot to put the kickstand up, it automatically moved up when the kickstand touched the road (Deposition Tr. pp. 38–39). A federal regulation requires manufacturers of motorcycles to provide said motorcycle with a kickstand which will automatically move rearward and upward upon contact with the road surface.[1]

In *Berkebile v. Brantly Helicopter Corporation*, 462 Pa. 83, 337 A.2d 893, 898 (Pa. 1975), the Supreme Court of Pennsylvania set forth the elements of proof in a products liability suit as follows:

"Strict liability requires, in substance, only two elements of requisite proof: the need to prove that the *product was defective*, and the need to prove that *the defect was a proximate cause of the plaintiff's injuries*. Thus, the plaintiff cannot recover if he proves injury from a product absent proof of a defect .... Neither can plaintiff recover by proving a defect in the product absent proof of causation.... Also, plaintiff must prove the defect causing the injury existed at the time the product left the seller's

hands ...." (Footnotes and citations omitted; emphasis supplied.)

■ In the case *sub judice*, the plaintiff has presented a genuine issue of material fact as to whether or not a defect existed in the motorcycle at the time it left the hands of defendant, Harley Davidson, Inc., and if there was a defect, whether said defect was a proximate cause of the accident and resultant injuries.

Defendant contends that misuse of the motorcycle should be declared as a matter of law as an absolute defense to any design defect. We disagree.

■ The circumstances of the case do not justify a conclusion that there was misuse as a matter of law. Misuse is a factor which may be received by the trier of fact in order to determine if the requisite legal or proximate cause exists to establish a case. In other words, looking at the facts as raised in the case *sub judice*, the admitted misuse of the kickstand by plaintiff (Deposition Tr. p. 64) as a proximate cause of the accident as opposed to the defect of the kickstand as a proximate cause raises a genuine issue of material fact. As the court said in *Berkebile, supra*, 337 A.2d at p. 901:

"... evidence which would be admissible in a negligence case to prove 'abnormal use' is admissible in a strict liability case only for the purpose of rebutting the plaintiff's contentions of defect and proximate cause ...."

And as the court said in *Suchomajcz v. Hummel Chemical Company*, 524 F.2d 19, 28 (3rd Cir. 1975):

"[W]hether ... misuse ... was reasonably foreseeable ... is a question to be decided by the ultimate fact-finder."

In this case, the ultimate fact-finder is the jury. The jury will have to judge the misuse alleged by the defendant in determining if the alleged defect in the motorcycle was a *proximate cause* of the accident and injuries to plaintiff.

---

1. 49 C.F.R. § 571.123 (1980) Standard No. 123: Motorcycle controls and displays provides at S. 5.2.4 as follows:

"Stands. A stand shall fold rearward and upward if it contacts the ground when the motorcycle is moving forward."

As was set forth in *Kridler v. Ford Motor Company*, 422 F.2d 1182, 1185 (3rd Cir. 1970):

"Pennsylvania courts favor submission to the jury of the issue of proximate cause of an accident. In fact the Pennsylvania Supreme Court has said that the 'question of proximate cause of an accident is almost always one of fact for the jury.'" (Citations omitted.)

See also *Hughes v. American Jawa Ltd.*, 529 F.2d 21 (8th Cir. 1976), in which the Eighth Circuit Court of Appeals reversed the granting of a motion for summary judgment which involved an alleged defect in a motorcycle when the engine and rear wheel suddenly locked.

As in *Hughes, supra*, at p. 25, we find that defendant has failed to meet its burden of proving the absence of a genuine issue of material fact. Accordingly, the motion for summary judgment will be denied.

An appropriate order will be entered.