Javier DIAZ, et al., Plaintiffs, Appellees,

v.

Vincent CIANCI, Etc., et al., Defendants, Appellees.

Louis DeFrances, et al., Defendants, Appellants.

No. 83–1609.

United States Court of Appeals, First Circuit.

Argued April 4, 1984.

Decided June 25, 1984.

Joseph F. Penza, Jr., Providence, R.I., with whom Olenn & Penza, Providence, R.I., was on brief, for Vincent Cianci, etc., et al.

David A. Cooper, Providence, R.I., for Javier Diaz, et al.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and HUNTER,[*] Senior District Judge.

ELMO B. HUNTER, Senior District Judge.

Javier Diaz sued to recover damages for injuries sustained at the hands of the Providence Police after being stopped for a traffic violation. Diaz's grandmother joined in the suit to recover medical expenses she

---

[*] Of the Western District of Missouri, sitting by designation.

incurred for Diaz as a result of the beating. At the close of plaintiffs' case, the City and its officials were granted a directed verdict and trial proceeded solely against the individual patrolmen. After a three day trial, the jury returned verdicts favorable to both plaintiffs against all three individual defendants granting actual and punitive damages. The defendants appeal the judgment of the district court on three principal grounds: (1) exclusion of evidence of Diaz's juvenile conviction for assault arising out of the same incident; (2) exclusion of evidence pertaining to the activities of officers Glancy and Grover and evidence that officer Glancy was injured in his struggle at the scene with a third party; and (3) improper jury instruction.

■ (1) The trial court granted plaintiff's motion in limine and barred introduction of the fact that Diaz had been prosecuted and found guilty of assaulting De-Frances and Grover during the very incident which gave rise to the instant litigation. This ruling was based on alternative reasons. The trial court found that the evidence should be excluded under Federal Rules of Evidence 403. The court exercised its discretion to exclude otherwise relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, or if.it would be misleading to the jury. The court found that the juvenile adjudication suffered by the plaintiff if revealed to the jury would result in unfair prejudice. The court was concerned that the evidence would be taken by the jury to indicate that the force the police used was necessary, when in fact the conviction might have been based on a minimum amount of force used by the plaintiff. Since the jury would be able to hear all of the first hand evidence relating to whether the force used by the police was reasonable, the value of introducing the conclusion of a prior fact finder was considered substantially less weighty than the potential unfair prejudice it might cause.

Alternatively, the trial court found that the juvenile adjudication was not admissible under Rhode Island General Laws § 14–1–40 which prohibits the use of the disposition of juvenile proceedings as evidence against the child in any case or proceeding in any other court. Given the great possibility of prejudice and the potential for confusion on the part of the jury, the trial judge acted within the permissible bounds of his discretion in excluding the evidence of Diaz's juvenile adjudication. *See Shepard v. General Motors Corp.*, 423 F.2d 406, 408 (1st Cir.1970). Since exclusion of the evidence was permissible under the federal rules, we find it unnecessary to decide whether the Rhode Island statute overrides application of the federal rules and *required* exclusion of the evidence.

■ (2) The trial court excluded some evidence pertaining to officers Glancy and Grover's activities at the scene of the beating and excluded an emergency room report pertaining to officer Glancy's injuries inflicted by one of Diaz's passengers, Dennis Isom. Defendants claim they were entitled to have the jury hear their account of what they were doing with Dennis Isom during the time that Diaz was beaten. They claim the testimony was admissible on the issue of whether they were in a position to intervene to stop the other officer and keep him from violating Diaz's rights. Defendants concede that the trial court admitted evidence on this point, but claim they should have been able to go into greater detail so that the testimony would have carried more weight. The record is clear that the court did in fact allow both officer Glancy and officer Grover to testify about their activities with respect to Isom at the time officer DeFrances was beating Diaz. For example, officer Grover testified that he saw Isom grab DeFrances around the neck, that Grover and Glancy attempted to enter the back seat to stop Isom and were both kicked by Isom in the process and that Glancy was knocked down. Grover further testified that Glancy and Grover apprehended Isom and placed him in the patrol car, that during their struggle with Isom they didn't see the struggle going on between DeFrances and Diaz, that after Isom was put in the patrol car De-

Frances and Diaz were rolling on the sidewalk and that Grover saw DeFrances strike Diaz. Grover testified that after reporting to the station, they were told to go to the hospital to get medical attention, and that the doctor told him to take off one and one-half days.

Glancy testified that while he was trying to get Isom out of the back seat his attention was on Isom and he was unable to observe what was going on in the front seat. Glancy testified that he did not have the ability to observe DeFrances from the time of the initial scuffle with Isom until after Isom had been apprehended and taken into custody. At that point Glancy was approximately 25 feet from the Diaz vehicle, and could not see the ongoing fight with Diaz. Glancy stated he saw the beginning of the fight with Diaz, and could have been in a position to stop DeFrances, but instead decided to arrest Isom.

A review of the evidence excluded indicates that all of the excluded evidence was cumulative. The record at several points shows testimony pertaining to the confrontation Grover and Glancy claim to have had with Isom. The defense attorney admitted to the trial judge that the principal reason the evidence was offered was to rebut plaintiff's evidence on matters collateral to the central issues of the case. App. at 292–93. The trial judge did not abuse his discretion in excluding the cumulative evidence pertaining to a collateral matter.

&#x25A0; (3) Defendants contend that the instructions to the jury allowed a finding for the plaintiffs and against officers Glancy and Grover "if they found Glancy and Grover at the scene where a beating was taking place and did nothing to prevent it," even if there was no finding that Glancy and Grover were in a position to do anything about the beating. The jury was instructed that there was no evidence that officers Glancy or Grover beat the plaintiff, and that they could only find Glancy and Grover liable upon a finding that:

(1) They in fact saw the infliction upon the plaintiff of the alleged beating, that is, of the alleged unconstitutional conduct; and

(2) They failed to act, and that their failure to act sprang from an intent on their part to deprive the plaintiff of his civil rights.

The instructions as given did go further than the defendant claims is necessary. The cases cited by defendant indicate that a police officer may be liable for mere failure to intervene to stop a violation of civil rights when the officer was in a position to intervene. *See, Putman v. Gerloff,* 639 F.2d 415, 423 (8th Cir.1981). This would amount to liability for mere unreasonable nonfeasance. The instructions as given allowed the jury to find the defendants liable only if their failure to act was caused by an intent to deprive Diaz of his constitutional rights. In affirming the judgment under the instructions given, we do not decide whether a finding of intent is required to impose liability. Rather, we merely find that if the instructions were erroneous, any error was in favor of and not prejudicial to the appellants.

The judgment of the district court is affirmed.