Ennis, Admrx., Appellant, *v.* Atkin et al.

166

Argued April 8, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*John V. Horan*, for appellant.

*John B. Martin*, with him *Duane, Morris & Heckscher*, for appellees, defendants.

*Frank F. Truscott*, City Solicitor, and *James Francis Ryan*, Assistant City Solicitor, for additional defendants.

OPINION BY MR. JUSTICE PATTERSON, May 28, 1946:

Rose Ennis, administratrix of the estate of James Ennis, deceased, appellant, instituted this action in trespass against Harry Atkin, Morris Atkin, Louis Atkin, Jack Ravine and Mike Kraft, trading as Dad's Root Beer Bottling Company, appellee, to recover damages for the death of her husband. The accident in which Ennis was fatally injured occurred when extended ladders of a hook and ladder truck struck bottles on the top

of appellee's truck, parked near an intersection, causing the rear end of the truck to get out of control and strike another parked truck with sufficient force to throw him to the street. The City of Philadelphia and Louis Becker, driver of the fire truck, were joined as additional defendants. The case was tried twice. At the first trial a juror was withdrawn due to the illness of the trial judge. Upon the second trial the jury returned a verdict in favor of appellee and the additional defendants. Appellant filed a motion for a new trial, assigning as the principal reasons certain portions of the court's charge. This appeal is from the refusal of the court below to award a new trial.

On August 18, 1944, James Ennis, the deceased, was employed by the City of Philadelphia as a fireman. As a tillerman he operated the steering apparatus of the trailer portion of a "hook and ladder" truck. About 5:41 P.M., on said date, a fire alarm was being answered by the fire company operating the hook and ladder truck. The firehouse was located at 2936 Ridge Avenue, approximately 290 feet northwest of 29th Street and Ridge Avenue. The fire truck proceeded in a southeasterly direction on Ridge Avenue approaching 29th Street, and at the intersection of said streets turned left to go north on 29th Street. While negotiating said turn at a speed of 8 to 10 miles per hour one of the ladders, which extended 16 feet 2 inches from the body of the fire truck, came in contact with soda bottles on a truck belonging to appellee company. The impact caused Ennis to lose control of the trailer portion of the truck and it struck a tow truck parked 40 to 45 feet north of the intersection on the east side of 29th Street. Ennis was thrown from the tillerman's seat to the street, receiving fatal injuries.

At the time of the accident appellee's truck was stopped at or near 2906 or 2908 Ridge Avenue while the driver was making a delivery at 2908 Ridge Avenue. The easterly line of 2906 Ridge Avenue is 62 feet from the westerly curb line of 29th Street. The property itself is

sixteen feet in width. The place where appellee's truck was standing was within a space of eighty-three feet from the intersection of Ridge Avenue and 29th Street, marked by two signs prohibiting parking. A fire hydrant is located eleven feet west of the house line on the southerly side of Ridge Avenue, or approximately 25 feet from the curb line of 29th Street. The testimony was conflicting as to whether the appellee's truck was (1) parked within 15 feet of the fire hydrant, and (2) parked within 25 feet of the intersection.

Appellant contends that the court below erred (1) in refusing to charge, without qualification, that if the jury found from the evidence that appellee's truck was parked within 25 feet of a street intersection and that such illegal parking was the proximate cause of the accident their verdict should be for appellant, and (2) charging that the stopping of the truck with relation to the fire hydrant was not the proximate cause of the accident.

The qualification made by the trial judge was that "It is in connection with the question as to whether or not the parking was for the purpose of loading or unloading." Section 1020 of the Vehicle Code, Act of 1929, P. L. 905, Art. X. section 1020, as amended, 75 P. S. 612, provides, inter alia, that "No person shall park a vehicle . . . (4) within twenty-five (25) feet from the intersection of curb lines, or, if none, then within fifteen (15) feet of the intersection of property lines at an intersection of highways . . . (7) Within fifteen (15) feet of a fire hydrant." Parking is defined as "the standing of a vehicle . . . upon a highway otherwise than temporarily for the purpose and while actually engaged in loading or unloading . . .": Act of 1929, P. L. 905, art. I, section 102, as amended, 75 P. S. section 2. Whether appellee's driver was "parked" within the meaning of the Vehicle Code was a question of fact and was a preliminary issue to be determined by the jury. The qualification of the trial judge was proper.

Appellant contends that parking within 15 feet of the fire hydrant was negligence *per se* and that the court

erred in charging that the stopping with relation thereto was not the proximate cause of the accident. Whether a violation of statute constitutes negligence *per se* has been thoroughly considered in *Salvitti v. Throppe,* 343 Pa. 642, 644, 23 A. 2d 445, 446; *Jinks v. Currie,* 324 Pa. 532, 538, 188 A. 356, 358; *Marchl v. Dowling & Company, Inc.,* 157 Pa. Superior Ct. 91, 41 A. 2d 427; *Purol, Inc. v. Great Eastern System, Inc.,* 130 Pa. Superior Ct. 341, 343-344, 197 A. 543, 544. Rules regarding civil liability are ably set forth in section 286, Restatement, Torts: "The violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for an invasion of an interest of another if: (a) the intent of the enactment is exclusively or in part to protect an interest of the other as an individual; and (b) the interest invaded is one which the enactment is intended to protect; and, (c) where the enactment is intended to protect an interest from a particular hazard, the invasion of the interests results from that hazard; and, (d) the violation is a legal cause of the invasion, and the other has not so conducted himself as to disable himself from maintaining an action."

Clearly the facts are insufficient to charge appellee with negligence *per se.* No profound analysis of the statute is required to show that the restriction upon parking within fifteen feet of a fire hydrant was intended to assure immediate availability in case of a fire in the vicinity and not to aid in regulating traffic as an aid to highway safety.

The trial judge properly stated that the stopping of the truck with relation to the fire hydrant was not the proximate cause of the accident. Assuming that appellee's truck was stopped within fifteen feet of the fire hydrant, that fact might have been a circumstance; it cannot be said to have been a cause. The fact of contact between the fire apparatus and appellee's truck and the fact of an accident, under such circumstances, do not es-

tablish the causal connection necessary to determine civil liability. The court, by making the charge complained of, corrected a prior instruction regarding the same circumstances which, but for the verdict, might have been determined to be prejudicial error.

Judgment affirmed.