**CECILE INDUSTRIES, INC. and John Miller, Appellants,**

v.

**UNITED STATES of America.**

No. 85–1707.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 5, 1986.

Decided June 16, 1986.

---

Marc Lamer, Kostos, Reiter, Ganister and Lamer, Philadelphia, Pa., Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., for appellants.

Chief of Appeals, Edward T. Ellis, Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before ALDISERT, Chief Judge, and GARTH and SLOVITER, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

This case comes before this court on appeal from the district court's dismissal of the complaint on the ground that it lacked jurisdiction under 28 U.S.C. § 1346(b). Plaintiffs Cecile Industries, Inc. ("Cecile"), a manufacturer of clothing and equipment for agencies of the United States Government, and John Miller, the President and sole shareholder of Cecile, brought an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, and the United States Constitution.

Plaintiffs alleged that the Defense Personnel Support Center ("DPSC"), an agency of the Department of Defense located in Philadelphia, Pennsylvania, subjected them to a *de facto* debarment from bidding for contracts. They asserted that the DPSC

rejected five of their contract bids between November 1982 and August 1983, even though they were the lowest bids received, on the ground that they lacked integrity, perseverance and tenacity. Plaintiffs allege that they were not provided notice or an opportunity to present evidence concerning the debarment in violation of the Defense Acquisition Regulations, 32 C.F.R. §§ 1–600 *et seq.* (1983), the applicable statute and the requirements of due process. Cecile seeks $5,000,000 in damages from the United States in lost profits and Miller seeks $1,250,000 in lost earnings.

On approximately August 2, 1983, the Defense Logistics Agency, which embraces the DPSC as a field activity, formally debarred Cecile and Miller for three years, retroactive to November 1982. After filing a claim with the United States Army Claims Service, which was rejected, Cecile and Miller brought this lawsuit in federal district court.

The government filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In support, the government argued that the plaintiffs' claims could not be brought under the Federal Tort Claims Act (1) because a *de facto* debarment is not a common law tort in Pennsylvania, and therefore is not cognizable under 28 U.S.C. § 1346(b); and (2) because debarment is a discretionary function subject to the exception under 28 U.S.C. § 2680(a).

■ The Tort Claims Act provides that the district courts shall have jurisdiction over civil actions on claims against the United States for money damages

for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). It thus requires that the court inquire whether Cecile's and Mil-

ler's claims state a claim under Pennsylvania tort law. As our colleague Judge Becker pointed out when he was on the district court, "plaintiffs may not base their claims [under the Federal Tort Claims Act] on alleged breaches of a duty arising solely out of federal law when there is no corresponding duty under state tort law". *Blessing v. United States,* 447 F.Supp. 1160, 1186 n. 37 (E.D.Pa.1978).

■ Cecile and Miller argue that the DPSC's violation of the applicable federal procurement regulations constitutes negligence per se. The failure to follow a federal regulation may be negligence per se "if, under state law criteria, it may be considered the kind of ... regulation violation of which is negligence *per se.*" *Schindler v. United States,* 661 F.2d 552, 560–61 (6th Cir.1981). Plaintiffs here rely on the opinion in *Karle v. National Fuel Gas Distribution Corp.,* 448 F.Supp. 753, 767 (W.D. Pa.1978), where the court stated:

The violation of a federal statute or regulation may provide the basis for a finding of liability under Pennsylvania law provided three elements are present: 1) the statute or regulation must clearly apply to the conduct of the defendant; 2) the defendant must violate the statute or regulation; and 3) the violation of the statute must proximately cause the plaintiff's injuries, *see Kaplan v. Kaplan,* 404 Pa. 147, 171 A.2d 166 [1961]; *Steele v. Peoples Natural Gas Co.,* 386 Pa. 439, 127 A.2d 96 [1956]; *Listino v. Union Paving Co.,* 386 Pa. 32, 124 A.2d 83 [1956]; *Moore v. Sylvania Electric Products, Inc.,* 454 F.2d 81 [3d Cir.1972]; *Millard v. Municipal Sewer Authority of Township of Lw. Makefield,* 442 F.2d 539 [3d Cir.1971].

■ However, the cases cited in *Karle* do not suggest that the three elements set forth there are always enough to support a holding of negligence per se. To the contrary, in *Ennis v. Atkin,* 354 Pa. 165, 168–69, 47 A.2d 217, 219 (1946), the Pennsylvania Supreme Court stated the additional requirement that before violation of a statute will be deemed to constitute negligence,

the court must find that the intent of the statute was, at least in part, to protect the interest of the plaintiff individually, as opposed to the public.

The Pennsylvania cases cited by appellants to support their theory of per se negligence involved statutes or regulations in the traditional negligence context of automobile or industrial accidents. *See, e.g., Karle v. National Full Gas Distribution Corp.*, 448 F.Supp. at 767–68 (statutory duty of gas company to inspect underground gas mains); *Kaplan v. Kaplan*, 404 Pa. 147, 171 A.2d 166 (1961) (parking on left side of the street in violation of parking ordinance); *Steele v. Peoples Natural Gas Co.*, 386 Pa. 439, 446, 127 A.2d 96, 100 (1956) (car parked in violation of statute on sidewalk, which caused sidewalk to collapse). *See also Moore v. Sylvania Electric Products, Inc.*, 454 F.2d 81, 83–84 (3d Cir.1972); *Millard v. Municipal Sewer Authority*, 442 F.2d 539, 541 (3d Cir.1971) (per curiam).

Moreover, this court has held in interpreting Pennsylvania law that not every breach of a statutory duty imposes damage liability. *See Frederick L. v. Thomas*, 578 F.2d 513, 517 & n. 8 (3d Cir.1978). Plaintiffs concede that no Pennsylvania case extends the *de facto* debarment claim into a tort action, much less one based on negligence per se.

In an analogous action based on *de facto* debarment, the Court of Appeals for the District of Columbia held that the alleged violation of the federal procurement regulations did not state a viable FTCA claim because the procurement regulations do not embody duties recognized under District of Columbia tort law. *Art Metal–U.S.A., Inc. v. United States*, 753 F.2d 1151 (D.C.Cir.1985).[1] As the court stated, "Duties set forth in *federal law* do not . . . automatically create duties cognizable under *local tort law*. The pertinent inquiry is whether the duties set forth in the federal law are analogous to those imposed under local tort law." *Id.* at 1158 (emphasis in original).

In the case on which plaintiffs place great reliance, *Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252 (2d Cir.1975), the court found that the Postal Service had *de facto* debarred a contractor in violation of regulations and of due process. The court remanded to the district court for a determination whether the violation would constitute negligence per se under New York law. Here, unlike the *Myers* case, the district court considered and rejected the negligence per se theory, and the issue has been briefed on appeal.

■ The distinction drawn in *Art Metal* between federal legal duties and the use of federal regulations to prove that the government has breached duties under local tort law is equally applicable to the present case. Even if the regulations requiring notice and an opportunity to present evidence were not followed in the period before debarment proceedings were instituted, plaintiffs have not shown that the failure to follow such procedures constitutes negligence under Pennsylvania law. The only state law tort that might arguably have been violated, misrepresentation, is explicitly excepted from the grant of jurisdiction by the Federal Tort Claims Act. 28 U.S.C. § 2680(h). The government has not waived its sovereign immunity in that respect.

Accordingly, Cecile and Miller have not satisfied the requirement of showing that "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Therefore, like the district court, we need not reach the issue whether the *de facto* debarment was a discretionary function.

---

1. The *Art Metal* court criticized the holding in *Donohue v. United States*, 459 F.Supp. 465 (E.D. Mich.1978), cited by plaintiffs, that violation of federal debarment regulations constituted negligence per se under the law of Arizona and the District of Columbia, referring to the opinion as "cursory" and "simplistic". 753 F.2d at 1159 n. 15.

The order of the district court dismissing the claim for lack of jurisdiction will be affirmed.