Arlene CHALFIN, Harry Chalfin, Richard Chalfin, Alan Chalfin and Susan Chalfin–Dughi, Plaintiffs,

v.

BEVERLY ENTERPRISES, INC., Defendant.

Civ. A. No. 87–3319.

United States District Court, E.D. Pennsylvania.

Sept. 7, 1990.

---

Stephen A. Feldman, Philadelphia, Pa., for plaintiffs.

Robert St. Leger Goggin, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Before the court is the motion of the plaintiffs for reconsideration of my ruling[1] dismissing certain counts of the plaintiffs' complaint and, in the alternative, for certification for final judgment pursuant to Rule 54(b) or permissive appeal of an interlocutory order pursuant to 28 U.S.C. § 1292(b) (Document No. 31). For the reasons set forth below, the motion of the plaintiffs will be denied.

*Procedural Background*[2]

The original complaint filed by Mrs. Chalfin and her family contained seven counts that claimed damages under Title XIX of the Social Security Act, 42 U.S.C. § 1396–1396i (1982 &·Supp. IV 1986), the Pennsylvania Health Care Facilities Act, 35 Pa.Stat.Ann. §§ 448.101–448.904 (Purdon Supp.1989), the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.Stat.Ann. §§ 201–1 to 201–9.2 (Purdon

---

1. *See Chalfin v. Beverly Enterprises,* 741 F.Supp. 1162 (E.D.Pa.1989) (Document No. 30).

2. A complete factual background is contained in my earlier decision. *Id.* at 1164–66.

1971 & Supp.1989), and state law breach of contract and intentional infliction of emotional distress damages. Oral argument was presented on December 19, 1988. By order dated June 26, 1989, I granted the motion of the defendant to dismiss Counts I–IV on the grounds that there is no private right of action under either Title XIX of the Social Security Act or the Pennsylvania Health Care Facilities Act and I dismissed the intentional infliction of emotional distress claims (Counts V) and the violations of Pennsylvania unfair trade practices and consumer protection laws (Count VII) as to all plaintiffs, except Arlene Chalfin.[3]

*Plaintiffs' Motion for Reconsideration*

In support of their motion for reconsideration, plaintiffs contend that they have stated a cause of action for negligence in their complaint under the doctrine of negligence per se. Plaintiffs assert that the conduct in Counts I–IV constituted negligence per se because it alleged defendants breached statutory and regulatory duties owed to the plaintiffs. *See* Memorandum In Support Of Motion For Reconsideration; Or Alternatively For Certification For Final Judgment Pursuant To Fed.R.Civ.P. 54(b) Or Permissive Appeal Of Interlocutory Order [hereinafter Plaintiffs' Memorandum of Law] at 4–5 (Document No. 31). Additionally, plaintiffs assert that all plaintiffs have stated a cause of action for intentional infliction of emotional distress (Count V) and that plaintiff Harry Chalfin stated a cause of action under the unfair trade practices and consumer protection statutes (Count

VII). Each argument will be addressed below.[4]

*Violation of a Statute or Regulation (Counts I–IV)*

While the violation of a statute or regulation may provide the basis for a finding of negligence per se, it is well established that not every breach of a statutory duty imposes liability. *See Cecile Industries, Inc. v. United States,* 793 F.2d 97, 100 (3d Cir.1986); *Frederick L. v. Thomas,* 578 F.2d 513, 517 (3d Cir.1978). In *Cecile,* the court found that before the violation of a statute will be deemed negligence per se, the court must find that the "intent of the statute was at least in part, to protect the interest of the plaintiff individually, as opposed to the public." *Cecile,* 793 F.2d at 99–100 (citing *Ennis v. Atkin,* 354 Pa. 165, 168–69, 47 A.2d 217, 219 (1946)). Plaintiffs' arguments in support of both this motion and in response to the defendant's earlier motion for summary judgment have not convinced me that the intent of statutes cited in Counts I–IV was "to protect the interest of the plaintiff *individually.*"

In my memorandum opinion granting defendant's motion to dismiss Counts I–IV, I found that Title XIX of the Social Security Act did not provide plaintiffs with a private right of action. *See Chalfin,* at 1166. It is clear from my analysis of that issue that Congress, in enacting Title XIX, did not intend to hold a private provider of services directly liable to individual patients[5] for statutory violations. Rather, Congress intended to make those facilities

---

3. The claim by Arlene Chalfin for intentional infliction of emotional distress and violations of Pennsylvania's consumer protection and unfair trade practice laws and a claim by all of the plaintiffs for breach of contract remain pending.

4. Additionally, plaintiffs mention in passing that defendants are liable to them for negligence based upon the breach of a contractual duty between the parties. Even under the most liberal reading of plaintiffs' complaint, however, I cannot find that plaintiffs have alleged a claim for negligent performance of an undertaking to render services. While I note that plaintiffs maintain their claim for breach of contract (Count VI), nothing in their complaint, either in

Count VI or elsewhere, indicates an intention to also allege a negligence action based upon defendant's contractual obligations. Accordingly, I find that a breach of contract claim alone is not sufficient, even under the most liberal notice pleading standard, to put defendant on notice that a negligence claim, arising out of that contract, has also been alleged. *See* Fed.R. Civ.P. 8(e) & (f).

5. While I found that Mrs. Chalfin was a member of the class for whose benefit the statute was enacted, this classification was meant only to protect her Medicaid rights in a discriminatory context. *Id.* at 1168–69. It was not intended to place her within a protected class for tort duty purposes.

responsible to the state. The legislative history of the Act clearly indicates that this legislation is primarily directed at the role of participating *states* in providing medical care with the assistance of federal funds. Rather than focusing on the individual patient, the bill attempts to outline certain requirements that the *state* must comply with in order to become and remain eligible for federal funding. See S.Rep. No. 404, 89th Cong., 1st Sess., *reprinted in* 1965 U.S.Code Cong. & Admin.News 1943, 2014.

■ Additionally, I found that the Pennsylvania Health Care Facilities Act also did not provide plaintiffs with a private right of action. The intent of that statute was not to impose a standard of conduct on the health care facilities that enured directly to a patient. Rather, the statute's intent is to promote responsible operation and ownership of health care facilities and encourage innovation and efficiency in this area. The Act also established a comprehensive administrative scheme that would allow the Pennsylvania Department of Health to enforce the goals of this legislation. *See Chalfin,* at 1171–72.

The Pennsylvania Supreme Court generally follows the concepts set forth in the Restatement (Second) of Torts when analyzing the standards of conduct that a court may adopt to determine when and to whom a duty exists in negligence cases. Section 288 of the Restatement sets forth principles that determine when a standard of conduct defined by legislation or regulation should *not* be adopted:

> The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively ... to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give the public.

Restatement (Second) of Torts, § 288(c).

The comment to Section 288(c) states: Other legislative enactments and administrative regulations are intended for the purpose of imposing upon the actor the performance of a service which the state, or some subdivision of it, has undertaken to give to the public. They are intended to make the actor responsible to the state, **rather than to any individual.**

Restatement (Second) of Torts, § 288(c), comment d (emphasis added).

The duty to retain a patient, provide reasonable notice to a patient of an intent to discharge, to accept medical assistance as payment in full for covered services and to comply with the Nursing Home Bill of Rights are all duties imposed upon nursing home care providers by the federal government or the state of Pennsylvania. Breaches of these duties are not corrected by individual liability suits. Under the statutes cited, the federal government or Pennsylvania state agencies are empowered to correct breaches by health care providers.

Thus, it is clear that Title XIX of the Social Security Act and the Pennsylvania Health Care Facilities Act are types of legislation that were *not* intended to create a tort duty between the health care facility and the patient.[6] *See* Restatement (Second) of Torts, § 288(c). Accordingly, plaintiffs' request for reconsideration of Counts I–IV under a negligence per se theory of liability is denied.

*Emotional Distress and Unfair Trade Practice* (Counts V and VII)

In their motion for reconsideration, plaintiffs also assert that all plaintiffs have stated a cause of action for intentional in-

---

**6.** Almost all of the cases that plaintiffs cite involve the violation of a "safety" statute and are completely distinguishable from those in the instant case. *See e.g., Kaplan v. Kaplan,* 404 Pa. 147, 171 A.2d 166 (1961) (parking on left side of street in violation of a parking ordinance); *Steele v. Peoples Natural Gas Co.,* 386 Pa. 439, 127 A.2d 96 (1956) (car parked in violation of statute on sidewalk, which caused sidewalk to collapse); *Listino v. Union Paving Co.,* 386 Pa. 32, 124 A.2d 83 (1956) (focused on the question of proximate and intervening cause and not negligence per se); *Ennis v. Atkin,* 354 Pa. 165, 47 A.2d 217 (1946) (parking vehicle within fifteen feet of fire hydrant in violation of vehicle code). The statutes in the case at bar are administrative in nature. They are not "safety" statutes where the negligence per se doctrine is traditionally applied. *See Cecile,* 793 F.2d at 100.

fliction of emotional distress (Count V) and that plaintiff Harry Chalfin stated an additional cause of action under the unfair trade practices and consumer protection statutes (Count VII). In their memorandum in support of their motion, however, plaintiffs do not address the basis for their bald assertion regarding these counts. *Compare* Motion For Reconsideration at 3 *with* Plaintiffs' Memorandum of Law at 2–5.

Plaintiffs have not advanced any additional arguments or pointed to any new facts that would show they indeed satisfy the elements of an intentional infliction of emotional distress claim or establish that violations of unfair trade practice or consumer protection laws against plaintiff Harry Chalfin occurred. As a result, I find there is no basis for granting their request for reconsideration of my dismissal of Counts V and VII as to all plaintiffs, except Arlene Chalfin.

*Motion for Certification for Final Judgment*

Plaintiffs request, in the alternative, that pursuant to Fed.R.Civ.P. 54(b) I enter final judgment against all plaintiffs for Counts I–IV and against plaintiffs Harry Chalfin, Richard Chalfin, Alan Chalfin and Susan R. Chalfin–Dughi on Counts V and VII. In support of their request, plaintiffs assert that entry of judgment would expedite the ultimate outcome of their individual claims. *See* Plaintiffs' Memorandum of Law at 6–7.

Under Rule 54(b), the court has the discretion to enter a final judgment as to one or more claims or parties. *See Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980); Fed.R.Civ.P. 54(b) advisory committee notes; 10 C. Wright, A. Miller & M. Kane, Fed.Prac. & Procedure § 2654 at 38 (1990). However, "Rule 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power of the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice." *Allis–Chalmers Corp. v. Phil-*

*adelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir.1975), (quoting *Panichella v. Pennsylvania Railroad Co.*, 252 F.2d 452, 454 (3d Cir.1958)).

In reviewing requests for 54(b) certifications, courts consider many factors, including, among others: (1) the relationship of the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time, and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of the trial, frivolity of competing claims and expense. *Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d at 364.

Because the claims that remain pending are related to and include the same facts as support the counts for which plaintiff seeks certification, certification for review of the dismissed counts at this time is not appropriate because it would result in the inefficient use of the reviewing court's resources. *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698 (7th Cir.), *cert denied*, 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 359 (1984).

Moreover, with respect to the intentional infliction of emotional distress claims of Plaintiff Arlene Chalfin's husband and children, these claims are directly related to Arlene Chalfin's pending claims. As defendant correctly points out in response to this portion of plaintiffs' motion, if Arlene Chalfin does not prevail on her pending claims, her children and husband will not be able to do so on the same facts. Therefore, I find that the entry of judgment on these claims is not warranted at this time because the appeals court may be required to reconsider not only the same facts, but also the same issues when, and if, Arlene Chalfin's intentional infliction and other pending claims are appealed.[7]

After balancing all factors, I find that the interests of sound judicial administra-

---

**7.** Presently pending is the Defendant's Motion for Summary Judgment (Document No. 37) that specifically requests the dismissal of all of Arlene Chalfin's pending claims.

tion and justice to the litigants would not be advanced by entering a final judgment on the dismissed claims, and therefore, I choose not to do so. *Curtiss–Wright*, 446 U.S. at 5, 100 S.Ct. at 1463.

*Motion for Permissive Appeal of Interlocutory Order*

Finally, plaintiffs request, pursuant to 28 U.S.C. § 1292(b), permission to file an interlocutory appeal of my earlier decision to dismiss Counts I–IV. Certification pursuant to 28 U.S.C. § 1292(b) is appropriate only when an order "involves a controlling issue of law as to which there is substantial ground for difference of opinion and [when] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

■ Plaintiffs assert that their negligence per se and private right of action claims concern a controlling question of law that would be best resolved by my allowing an interlocutory appeal. I disagree. The party seeking certification has the "burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" *Fukuda v. Los Angeles County*, 630 F.Supp. 228, 229 (C.D.Cal.1986) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978)). Plaintiffs have not satisfied their burden.

■ Research by the court and the parties has uncovered only five federal cases that address the issue of whether a private right of action may be implied under Title XIX of the Social Security Act. *See Chalfin*, 1166–67. Only two cases, both district court decisions, recognized an implied right of action. The only court of appeals to consider this issue held that Title XIX does not provide a private of action. *See Stewart v. Bernstein*, 769 F.2d 1088, 1092–94 (5th Cir.1985). In these circumstances, plaintiffs have not established that there

are *substantial* grounds for difference of opinion that justify granting permission to file an interlocutory appeal.

I find, therefore, that an interlocutory appeal serves no purpose in this case. Plaintiffs' rights will not be jeopardized by maintaining the unity of this action. Breaking it into parts to be reviewed individually is inefficient and unnecessary,[8] and therefore I decline the request to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

*Conclusion*

The plaintiffs in their motion have not presented sufficient reasons or evidence to substantively challenge the findings and conclusions contained in the earlier memorandum granting defendant's motion for summary judgment. At the same time, the need or propriety of a partial final judgment or certification for interlocutory appeal are not established. Accordingly, both the motion for reconsideration and the alternative motion for certification pursuant to 54(b) or interlocutory appeal will be denied.

---

**8.** This is particularly true in view of the pending motions for summary judgment on the remaining counts. *See* Defendant's Motion for Summary Judgment on Counts V, VI and VII (Document No. 36) and Plaintiffs' Cross–Motion for Summary Judgment on Counts VI and VII (Document No. 37).