## Gula v. Golden Hill Nursing Home, Inc.

302

*Robert F. Daley* and *Elizabeth Chiappetta,* for plaintiff.

*Anthony J. Williott* and *Patrick T. Reilly,* for defendant.

MOTTO, P.J., March 17, 2011—Before the court for disposition are preliminary objections filed on behalf of the defendant Golden Hill Nursing Home, Inc. ("Golden Hill") in response to the complaint filed on behalf of plaintiff Michael David Gula, individually and as Executor of the Estate of Michael Gula. After hearing argument on defendant's preliminary objections, considering applicable case law, and the well argued briefs filed on behalf of the respective parties, defendant's preliminary objections are sustained in part and denied in part for the following reasons.

According to plaintiff's complaint, plaintiff's father, Michael Gula (henceforth "the decedent") was a resident at Golden Hill Nursing Home from December 2006 until his death in September of 2009. On or about August of 2009, the decedent was no longer able to consume enough food to meet his nutritional requirements, and on September 8, 2009, a percutaneous endoscopic gastrostomy (PEG) tube

(a feeding tube) was inserted through his abdominal wall into his stomach. The decedent returned to Golden Hill after the procedure.

On September 11, 2009, the nursing staff at Golden Hill discovered that the decedent's feeding tube had become dislodged and the registered nurse on duty reinserted decedent's feeding tube. Hours after the tube was reinserted, the decedent became severely ill and was transferred to Jameson Memorial Hospital. At Jameson Hospital it was discovered that decedent's feeding tube had been improperly inserted into decedent's peritoneal space and not his stomach, resulting in his sudden illness. The surgeon on staff at Jameson Hospital informed plaintiff that the decedent was too weak to survive a surgery to repair the damage, and the decedent was placed on comfort measures only. After spending several days at Jameson Hospital, the decedent passed away on September 20, 2009.

On August 6, 2010, plaintiff filed a complaint that set forth two counts of general negligence. Plaintiff's first count is for general negligence and a survival action. The second count of the complaint is for general negligence and wrongful death. Plaintiff alleges that defendant negligently failed to comply with the standard of care expected of long-term nursing facilities, and that plaintiff's decedent's untimely death was a direct result thereof.

On October 1, 2010, defendant filed preliminary objections, which present the following arguments:

1. Plaintiff's complaint incorrectly sets forth causes of action for negligence per se based on violations of state and federal regulations upon which causes of action for negligence per se cannot be made.

2. Plaintiff has pleaded several paragraphs which contain scandalous and impertinent material in violation of Pa.R.C.P. 1028(a)(2).

3. Plaintiff is improperly seeking recovery of damages for the conscious pain and suffering of his decedent under a wrongful death theory.

4. Plaintiff has failed to plead numerous allegations with sufficient specificity as required by Pa.R.C.P. 1019.

When a court is presented with preliminary objections to a complaint, the court must accept all material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, as true. *Hess v. Fox Rothchild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007); *Tucker v. Philadelphia Daily News*, 757 A.2d 938, 941-42 (Pa. Super. 2000). The court must further determine, as a matter of law, whether, based on the facts averred in the complaint, the plaintiff may be entitled to recovery. *Wiernik v. PHH U.S. Mortgage Corp.,* 736 A.2d 616 (Pa. Super. 1999). Preliminary objections should only be sustained when the court determines with certainty that, upon the facts averred, the law will not permit the recovery sought by the plaintiff. *R.W. v. Manzek*, 585 Pa. 335, 351,

888 A.2d 740, 749 (Pa. 2005); *Bourke v. Kazare*, 748 A.2d 642, 643 (Pa. Super. 2000).

## I. DEMURRER TO CAUSE OF ACTION FOR NEGLIGENCE PER SE

Defendant's first preliminary objection is raised in the form of demurrer to the negligence per se claims defendant contends are set forth in the complaint. Defendant believes that counts I and II of the complaint, actions for negligence/ survival and negligence/wrongful death respectively, are actually improperly pled claims of negligence per se. Plaintiff, in his brief in response to preliminary objections, avers that the state and federal regulations cited in counts I and II were included not for the purposes of claiming negligence per se, but instead to demonstrate what the general standard of care for a nursing facility should have been and for the purpose of bolstering his claim of general negligence.

Based on plaintiff's own concession and a review of applicable Pennsylvania case law, the court sustains defendant's objections to counts I and II in so far as the regulations referenced by plaintiff cannot assert claims for negligence per se. Plaintiff may, however, include the state and federal regulations in his claims of general negligence for the purpose of demonstrating the standard of care expected of long-term nursing facilities.

In Pennsylvania, negligence per se is defined as "conduct, whether of action or omission, which may be declared and treated as negligence without any argument

or proof as to the particular surrounding circumstances." *Wagner v. Anzon, Inc.,* 684 A.2d 570, 574 (Pa. Super., 1996), citing *White by Stevens v. Southeastern Pa. Transp.,* 518 A.2d 810, 815 (Pa. Super. 1986). The violation of a statute or an ordinance may suffice as the basis of a cause of action for negligence per se, however, the purpose of the statute or ordinance must be to secure or protect the interests or rights of a particular group. *Id.*

To sustain a claim of negligence per se, the following four requirements must be met:

(1) The purpose of the statute must be, at least in part, to protect the interest of a group of individuals, as opposed to the public generally;

(2) The statute or regulation must clearly apply to the conduct of the defendant;

(3) The defendant must violate the statute or regulation;

(4) The violation of the statute or regulation must be the proximate cause of the plaintiff's injuries. See *Wagner* at 574; *Kaplan v. Philadelphia Transp. Co.,* 171 A.2d 166 (1961); *Cecile Industries Inc. v. U.S.,* 793 F.2d 97 (3rd cir. 1986).

Defendant's demurrer to counts I and II is based on the first requirement, that the statute must, at least in part, protect the interest of a group of individuals instead of the general public. Defendant avers that the Pennsylvania Health Care Facilities Act (PHCFA) found at 28 Pa. Code §

201 and 211, et seq., and the Omni Budget Reconciliation Act of 1987 (OBRA) found at 42 C.F.R. § 482, et seq., are intended to protect the interests of the general public and not the interests of a particular group of individuals.

When the purpose of a statute upon which a cause of action for negligence per se is based is called into question, the Supreme Court of Pennsylvania has relied upon the Restatement (Second) of Torts § 286 to set forth a standard from which to judge the purpose of the statute in question. *Wagner*, 684 A.2d at 574, citing *Congini by Congini v. Portersville Valve Co.,* 470 A.2d 515, 517-518 (1983). According to the Restatement, the purpose of the asserted statute must be (a) to protect a class of persons which includes the one whose interest is invaded; and (b) to protect the particular interest which is invaded; and (c) to protect that interest against the kind of harm which has resulted; and finally (d) to protect that interest against the particular hazard from which harm results. Restatement (Second) of Torts § 286 (1965).

When tasked to examine PHCFA and OBRA in light of the two above mentioned standards, Pennsylvania courts have found that generally the statutes cannot be used as a basis for negligence per se claims. See *Goda v. White Cliff Leasing Partnership*, 62 Pa. D. & C. 4th 476, 485 (Pa. Com. Pl. 2003), and *Frantz v. HCR Manor Care Inc.*, 64 Pa. D. & C. 4th 457, 468 (Pa. Com. Pl. 2003). In *Goda v. White Cliff Leasing Partnership*, the court had to determine whether the provisions of OBRA and PHCFA could form the basis of an action for negligence per se.

Applying the principles found in the Restatement, the court found that OBRA satisfied the first two elements of § 286. *Goda* at 483-484. The regulations found in OBRA were promulgated to protect the interests of nursing home residents living in a facility participating in the Medicaid program, and were designed to protect the health and welfare of the residents, satisfying the first two elements of § 286. *Id.*

Next, the court determined if the provisions relied upon by the plaintiff satisfied the final two elements of § 286. The plaintiff alleged violations of multiple provisions of OBRA in his amended complaint, and the court found that of all the numerous provisions cited by plaintiff, only 42 C.F.R. § 483.25(j), which provides, "the facility must provide each resident with sufficient fluid intake to maintain proper hydration and health," satisfied the final two elements of § 286. *Id.* at 485. The court held that the other cited provisions of OBRA set forth long-term goals that a nursing home should strive to attain and could not be used to support a cause of action for negligence per se. *Id.*

The court then turned to the question of whether the provisions of PHCFA could support a cause of action for negligence per se. Examining the purposes of PHCFA as set forth in 35 P.S. § 448.102, the court determined that the intent of PHCFA was to have the Department of Health implement a system to enhance the delivery of health care services for purposes of improving public health. *Goda* at 487. The court held that PHCFA does not apply to any

particular group of individuals, instead it is intended to benefit the general public, thus it cannot satisfy the first element of § 286 and cannot support a cause of action for negligence per se. *Id.*

In *Frantz v. HCR Manor Care Inc.,* 64 Pa. D. & C. 4th 457, the court was asked to determine if the provisions of OBRA and PHCFA could support a cause of action for negligence per se. Relying on the opinion in *Goda v. White Cliff Nursing Home,* the court held that the provisions of OBRA relied upon by the plaintiff, excluding 45 C.F.R. 483.25(j), could not support a cause of action for negligence per se. *Frantz* at 468-469. The court held that the provisions of OBRA establish a set of goals that long-term care facilities should strive to attain rather than exact standards of care, with the one notable exception being 45 C.F.R. 483.25(j). *Id.*

The court then examined PHCFA and held that the intent of the statute was to enhance the delivery of health care services to promote general public health. *Id.* at 468. Because PHCFA was not intended to protect the rights of a particular class, a cause of action for negligence per se could not be founded upon it. *Id.* The court sustained the defendant's demurrer to plaintiff's use of the provisions found in OBRA and PHCFA as negligence per se, except for 42 C.F.R. 483.25(j). *Id.* at 469. The court held further that although OBRA and PHCFA could not, for the most part, support a cause of action for negligence per se, the plaintiff could rely on the provisions set forth in the regulations when making a claim of general negligence for

the purpose of showing that the defendant failed to conform with the standard of conduct that would be expected of a nursing home for the protection of its residents against unreasonable risks. *Id.*

Based on the foregoing analysis of case law, an examination of the OBRA regulations plaintiff alleges have been violated[1], and plaintiff's own concession that he has not set forth causes of action for negligence per se, the court sustains defendant Golden Hill Nursing Home's demurrer in so far as the alleged violations of OBRA and PHCFA do not support a cause of action for negligence per se. Plaintiff may, however, use the averments of violations of the various provisions of OBRA and PHCFA for the sole purpose of sustaining his general negligence claims.

## II. INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER IN VIOLATION OF PA.R.C.P. 1028(A)(2)

Defendant's next objection to the complaint is for the inclusion of scandalous or impertinent matter pursuant to Pa.R.C.P. 1028(a)(2). For averments to be considered scandalous or impertinent, the allegations must be immaterial and inappropriate to the proof of the cause of action. *Common Cause/Pennsylvania v. Commonwealth*, 710 A.2d 108, 115 (Pa. Cmwlth. 1998). An averment will be considered impertinent when it is irrelevant to any

---

1. Plaintiff cites numerous provisions of OBRA. The court has e - amined the provisions and determined that the cited provisions, like those in *Goda* and *Frantz*, set forth long term goals that nursing homes should strive to attain.

material issue made or tendered. *Schwingen v. Piekarski,* 13 Pa. D.&C. 2d 617, 618 (Pa. Com. Pl. 1957). An averment will be considered scandalous when it is an:

Unnecessary allegation which bears cruelly on the moral character of an individual or states anything which is contrary to good manners, or anything which it is unbecoming to the dignity of the court to hear, or which charges some person with a crime, not necessary to be shown in the cause. *Schwingen* at 618.

Plaintiff's averments thus will be found impertinent or scandalous if they are irrelevant to the material issue or are unnecessary allegations that bear negatively on the character of the defendant. *Id.* Defendant avers that Paragraphs 16, 19, 34, 40, and 41 of the complaint must be stricken for the inclusion of scandalous or impertinent material. The court will examine each paragraph in turn.

Paragraph 16 of the complaint alleges that: "At no time was Mr. Gula's son, Michael David Gula, notified of the decreased oral intake." Defendant believes that any lack of notification given to the decedent's son regarding the decedent's decreased oral intake has no relevancy to the claim that defendant negligently replaced plaintiff's decedent's feeding tube. The court finds that Paragraph 16 is relevant to the general negligence claim plaintiff has filed against defendant for the purpose of providing context for what the general standard of care was at Golden Hill around the time of the incident involving plaintiff's decedent. The court does not find this paragraph to be immaterial nor that

it is an unnecessary allegation included to cast defendant in a negative light. Therefore, Paragraph 16 is material to the claim and does not contain scandalous or impertinent information. Defendant's objection is dismissed.

Paragraph 19 of the complaint alleges that: "while at Jameson Hospital on September 8, 2009, Mr. Gula arrived malnourished and dehydrated." Defendant believes that this paragraph is scandalous and impertinent and bears no relevancy on plaintiff's claim that defendant negligently replaced plaintiff's decedent's feeding tube. The court finds that Paragraph 19 is relevant to the general negligence claim filed by plaintiff for the purpose of providing context as to the general standard of care present at Golden Hill at the time of the incident involving plaintiff's decedent. This paragraph is not immaterial to the claim asserted and is not an unnecessary allegation included for the purpose of casting defendant in a negative light. Therefore, Paragraph 19 of the complaint is material and defendant's objection is dismissed.

Defendant next challenges Paragraph 34 of the complaint prior to argument on the preliminary objections, the parties came to an agreement to strike Paragraph 34 from the complaint. Therefore, Paragraph 34 is stricken from the complaint as per the agreement of the parties as noted in the brief in opposition to the preliminary objections filed by plaintiff prior to argument.

Defendant next challenges Paragraph 40 of the complaint. Paragraph 40 states that: "The death certificate

reflects peritonitis as a cause of death." Defendant argues that this paragraph is scandalous and impertinent because the death certificate does not state that peritonitis was the cause of death. At argument, plaintiff requested leave to amend Paragraph 40 to accurately reflect the cause of death found therein. The court sustains defendant's objection and strikes Paragraph 40 from the complaint, but grants leave to plaintiff to amend said paragraph to accurately reflect the cause of death.

The last paragraph defendant challenges for containing scandalous and impertinent information is Paragraph 41. Paragraph 41 sets forth the details of an investigation the Pennsylvania Department of Health conducted into defendant Golden Hill Nursing Home after the incident involving plaintiff's decedent. The court finds that plaintiff pleaded evidence in Paragraph 41, and not facts upon which the complaint is based. Such a pleading is inappropriate. Defendant's objection is sustained and Paragraph 41 is stricken from the complaint.

### III. PAIN AND SUFFERING DAMAGES IN WRONGFUL DEATH ACTION

Defendant's next objection to the complaint is a motion to strike Paragraph 52. Defendant contends that in the wrongful death action found in count II, the plaintiff is seeking damages for the conscious pain and suffering plaintiff's decedent experienced as a result of the negligent replacement of his PEG tube. Defendant asserts that the Wrongful Death Statute, 42 Pa.C.S.A. § 8301, does

not allow recovery for the conscious pain and suffering of the decedent. Defendant is correct in its assertion. 42 Pa.C.S.A. § 8301 provides that:

(a) General Rule-An action may be brought...to recover damages for the death of an individual caused by the...negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.

(c) Special Damages-In an action brought under subsection (a), the plaintiff shall be entitled to recover, in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death. 42 Pa.C.S.A. § 8301

A plain reading of the wrongful death statute reveals that damages for conscious pain and suffering of the decedent were not included by the legislature as recoverable damages in a wrongful death action. The court now turns to an examination of case law on the matter.

When Pennsylvania courts have examined the issue of recovery of damages for conscious pain and suffering in a wrongful death action, they have held that such damages are not recoverable. *Heffner v. Allstate Insurance Company*, 401 A.2d 1160, 1164 (Pa. Super. 1979); and *Slaseman v. Myers*, 455 A.2d 1213, 1218 (Pa. Super.

1983). Damages that are recoverable for wrongful death are the value of the decedent's life to the family, as well as expenses caused to the family by reason of the death. *Slaseman* at 1218. Damages are intended to compensate the decedent's survivors for the pecuniary losses they have sustained as a result of the decedent's death. *Id.* As such, damages for conscious pain and suffering are not recoverable in a wrongful death action. *Heffner* at 1164. Based on a plain reading of the statutory text and an examination of relevant case law, the court sustains defendant's objection and strikes Paragraph 52 from the complaint.

## IV. LACK OF SUFFICIENT SPECIFICITY AS REQUIRED BY PA.R.C.P. 1019

Defendant's final objection to the complaint comes in the form of *Connor* objections to numerous allegations defendant believes were not plead with the specificity required by Pa.R.C.P. 1019. Defendant avers that numerous subparagraphs of Paragraph 47 were not plead with sufficient specificity to provide defendant with notice of what the claims asserted against it are. The specificity of a pleading is governed by Pa.R.C.P. 1019(a) which states that: "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pennsylvania is a fact-pleading jurisdiction, which requires the plaintiff to provide the defendant with notice of what the plaintiff's claim is and the grounds for the claim. *United Sportsmen of Pennsylvania v. Pennsylvania Game Commission*, 950 A.2d 1120, 1134 (Pa. Cmwlth.

2008).

Additionally, the rule requires that the plaintiff plead all the facts that must be proven in order to achieve recovery on the alleged cause of action, and that the pleading be sufficiently specific so the defending party will know how to prepare a defense. *Commonwealth ex rel. Pappert v. TAP Pharmaceuticals Products, Inc.*, 868 A/2d 624, 635 (Pa. Cmwlth. 2005). In determining whether a particular paragraph is stated with the necessary specificity, the Superior Court has held that "such paragraph must be read in context with all the allegations in the complaint." *Yacoub v. Lehigh Valley Medical Associates*, 805 A.2d 579 (Pa. Super. 2002).

Defendant avers that Paragraphs 47 (a), (b), (c), (d), (e), (l), (m), (n), (t), (u), and (v) have not been plead with the specificity required by Pa.R.C.P. 1019(a) and must be stricken in accordance with the holding of *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). The court will examine each paragraph to determine whether the paragraphs have been plead with sufficient specificity when viewed in the context of all of the allegations found in the complaint.

Defendant first challenges Paragraphs 47 (a)-(d). These four paragraphs deal with allegations of inadequate staffing at defendant's facility. Paragraph 47(a) avers that defendant was negligent: "By failing to provide sufficient staff to provide the care, treatment, and services Michael Gula required." Paragraph 47(b) avers that the defendant

was negligent: "By failing to hire appropriately trained staff." Paragraph 47(c) avers that defendant was negligent: "By failing to appropriately train the staff that was hired and/or retained." Paragraph 47(d) avers that defendant was negligent: "By allowing and/or encouraging unskilled and untrained individuals to care for Michael Gula." After reviewing the four paragraphs in light of the allegations made in the complaint, the court holds that these allegations lack sufficient specificity. Defendant's objections to Paragraphs 47(a)-(d) are sustained.

Defendant's next challenge is to Paragraph 47(e). Based on the record, the court believes that defendant had intended to challenge Paragraph 47(w), but mistakenly challenged Paragraph 47(e). For that reason the court will address both paragraphs. In defendant's brief, Paragraph 47(e) is misquoted as stating: "In failing to ensure that the staff was provided with sufficient supervision regarding the care provided to Michael Gula." This is actually Paragraph 47(w) of the complaint. Paragraph 47(e) reads that defendant was negligent: "By failing to adequately monitor Michael Gula immediately following the dislodgment of his PEG tube." The court finds that, when read in context of all the allegations in the complaint, Paragraph 47(e) has been pled with sufficient specificity to let defendant know what the claim against it will be. Paragraph 47(w), however, has not been plead with sufficient specificity. Defendant's objection to Paragraph 47(e) is dismissed. Defendant's objection to paragraph 47(w) is sustained.

Paragraph 47(1) reads that defendant was negligent: "By failing to provide the care, treatment and services Michael Gula required." Reviewing this paragraph in light of all the allegations made in the complaint, the court finds that Paragraph 47(1) is not sufficiently specific enough to satisfy Pa.R.C.P. 1019(a). Paragraph 47(m) reads that defendant was negligent: "By failing to provide sufficient staff to provide the care, treatment, and services Michael Gula required." This paragraph is identical to Paragraph 47(a), and therefore lacks sufficient specificity. Defendant's objections to Paragraphs 47 (1) and (m) are sustained.

Paragraph 47(n) provides that defendant was negligent: "By failing to develop and implement a Resident Care Plan that was effective in preventing Michael Gula's peritonitis." Reviewing this paragraph in light of all of the allegations made in the complaint, the court finds that Paragraph 47(n) has been plead with sufficient specificity to alert defendant to the claim asserted against it. plaintiff asserts that defendant failed to develop or implement a plan that would have prevented decedent's peritonitis. Defendant's objection to Paragraph 47(n) is dismissed.

Paragraph 47(t) provides that defendant was negligent: "In failing to ensure that there were sufficient members of adequately trained staff to meet the needs of Michael Gula." When reviewed in light of all the allegations made in the complaint, the court finds that this paragraph has not been plead with sufficient specificity to alert defendant as to the claim asserted against it. Defendant's objection to

Paragraph 47(t) is sustained.

Paragraph 47(u) provides that defendant was negligent: "In failing to ensure that Michael Gula was protected from serious bodily injury and harm." The court finds that this paragraph has not been plead with sufficient specificity to alert defendant as to what the claim asserted is. Defendant's objection to Paragraph 47(u) is sustained.

Defendant's final challenge is to Paragraph 47(v). Paragraph 47(v) provides that defendant was negligent: "In failing to ensure that effective policies and procedures were developed and/or implemented." The matter of what policies and procedures defendant had in place to care for the decedent are issues that will be explored during the discovery process. Pennsylvania case law states that, "a more specific complaint will not be required where the details requested are evidentiary in nature." *Hock v. L.B. Smith, Inc.,* 69 Pa. D. & C. 2d 420, 423 (Pa. Com. Pl. 1974) (internal citations omitted). Paragraph 47(v) is a paragraph wherein the details are evidentiary in nature. Because the details of Paragraph 47(v) will be resolved during the discovery phase of this proceeding, Paragraph 47(v) does not lack sufficient specificity. Paragraph 47(v), therefore, is sufficient to alert the defendant as to what the claim against it will be. Defendant's objection to Paragraph 47(v) is dismissed.

Defendant's *Connor o*bjections are sustained as to Paragraphs 47 (a), (b), (c), (d), (1), (m), (t), (u), and (w). These paragraphs are therefore stricken from the

complaint. However, the court finds that plaintiff's pleadings were not so insufficient that plaintiff should not be awarded an opportunity to amend his pleadings. Each of the challenged paragraphs came close to satisfying the specificity threshold, and for that reason the court grants plaintiff leave to amend the above challenged paragraphs, in order to conform to the specificity requirement found in Pa.R.C.P. 1019(a).

## V. CONCLUSION

For the reasons set forth in this opinion, the court sustains defendant's preliminary objections in part, and dismisses the preliminary objections in part. Defendant's first preliminary objection in the form of demurrer to the negligence per se causes of action is sustained in so far as the cited regulations cannot form the basis for a cause of action for negligence per se. Plaintiff may, however, utilize the regulations to demonstrate the applicable standard of care when making his general negligence claims. Defendant's second preliminary objection based upon the inclusion of impertinent and scandalous materials are sustained to Paragraphs 34, 40, and 41, and said paragraphs are stricken, with leave to amend Paragraph 40. Defendant's objections are dismissed as to Paragraphs 16 and 19. Defendant's third preliminary objection to the inclusion of conscious pain and suffering in an action for wrongful death is sustained and Paragraph 52 stricken from the complaint. Defendant's fourth preliminary objection is sustained in part and Paragraphs 47(a)-(d), (1), (m), (t), and (u) are stricken, but plaintiff is granted

leave to amend said paragraphs to conform with Pa.R.C.P. 1019. Defendant's objection to Paragraphs 47(e), (n), and (v) are dismissed.

## ORDER OF COURT

And now, March 17, 2011, after consideration of the defendant's preliminary objections to plaintiff's complaint, it is ordered and decreed as follows:

1. Defendant's preliminary objection in the form of a demurrer to the negligence per se causes of action is sustained and the court finds that the cited regulations cannot form the basis of a cause of action for negligence per se; however, such allegations shall remain in the complaint as being applicable and relevant to the standard of care applicable to plaintiff's general negligence claims.

2. Defendant's preliminary objection based upon the inclusion of impertinent and scandalous materials is sustained as to Paragraphs 34, 40 and 41 of the complaint and said paragraphs are stricken, with leave granted to the plaintiff to amend Paragraph 40 of the complaint. Defendant's objections are dismissed as to Paragraphs 16 and 19.

3. Defendant's preliminary objection to the inclusion of conscious, pain and suffering in an action for wrongful death is sustained in that the court finds that plaintiff may not recover for pain and suffering in an action for wrongful death. Therefore, Paragraph 52 of

the complaint is stricken.

4. Plaintiff's preliminary objection raising a lack of sufficient specificity is granted in part and denied in part. The preliminary objection is sustained as to Paragraphs 47(a) through (d), (1), (m), (t) and (u) and such paragraphs are stricken, but plaintiff is granted leave to amend said paragraphs to conform to Pa.R.C.P. 1019. Defendant's preliminary objection to Paragraphs 47(e), (n) and (v) are dismissed.

5. Plaintiff's amended complaint must be filed within twenty (20) days of the date this order is docketed. If plaintiff fails to file an amended complaint with the time herein specified, defendant shall have twenty (20) days therefrom in which to file an answer to plaintiff's complaint.