## Highland Tank and Manufacturing Company, Appellant, *v.* Duerr.

Argued March 23, 1966. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

reargument refused January 16, 1967.

*Frank A. Orban, Jr.,* for appellant.

*John B. Nicklas, Jr.,* with him *Archibald M. Matthews,* and *McCrady & Nicklas,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, September 27, 1966:

Appellant, Highland Tank and Manufacturing Company, commenced an action of assumpsit against appellee, Frank A. Duerr, alleging that appellee, as its president, treasurer, and manager, abused his authority and made improper use of corporate funds, breaching his fiduciary duties to stockholders. During the pendency of the action, appellant voluntarily terminated its action of assumpsit and instituted a suit in equity. Preliminary objections were filed by appellee and the court dismissed the action, holding that an adequate remedy existed at law. An appeal to this court resulted in the decree being reversed and the case remanded, with directions to reinstate the complaint and certify the action to the law side of the court. *Hampsey v. Duerr,* 401 Pa. 578, 166 A. 2d 38 (1960).

The action eventually came on for trial before a judge and jury, and the trial judge granted appellee's motion for compulsory nonsuit. This appeal followed the refusal of appellant's motion to remove the judgment of nonsuit.

Appellee, during the presentation of appellant's case in chief, introduced into evidence, over appellant's objection, certain exhibits in connection with the cross-examination of appellant's witnesses, which evidence was considered by the trial court in reaching its decision.

"Whenever the defendant, upon the trial of a cause . . ., *shall offer no evidence,* it shall be lawful for the judge . . . to order a judgment of nonsuit to be entered, if, in his opinion the plaintiff shall have given no such evidence as in law is sufficient to maintain the action, . . . ." Act of 1875, March 11, P. L. 6, §1, 12 P.S. §645. (Emphasis supplied) Appellant argues that the trial court violated the above quoted statute by granting a nonsuit after the introduction of evidence by appellee; we agree.

In *Smith v. Standard Steel Car Co.,* 262 Pa. 550, 557, 106 A. 102 (1919), we held that "where the defendant is improperly allowed to cross-examine a witness for plaintiff, and shows matters constituting a defense to the action, the jury shall consider the testimony as if the witness had been called and examined in chief by defendant, and evidence so elicited cannot be made the basis of a nonsuit: [citing cases and texts]". In the instant case, the exhibits were offered in connection with the cross-examination of appellant's witness, Jacob. Jacob had been examined, in chief, with respect to a specific corporate resolution. On cross-examination, Jacob was interrogated as to the corporate minutes generally, and they were admitted into evidence. In such circumstances, the evidence must be considered as appellee's.

In *Jordan v. Sun Life Assur. Co. of Canada,* 366 Pa. 495, 77 A. 2d 631 (1951), plaintiff had been extensively cross-examined concerning a letter of resignation, but the letter was not introduced into evidence. Defendant's motion for nonsuit was not acted upon and

he opened his case by introducing the letter and renewed his motion for nonsuit. We reversed the granting of the nonsuit after defendant had introduced evidence, as violative of the statute. See also *Liebendofer v. Wilson,* 175 Pa. Superior Ct. 632, 107 A. 2d 133 (1954) ; *Hughes v. Westmoreland Coal Co.,* 104 Pa. 207 (1883). The case at bar is dissimilar in that appellee introduced the documentary evidence in appellant's case, but the evidence was his nevertheless, and was considered by the trial court in granting the nonsuit.

As we said in *Smith v. Ehler,* 366 Pa. 111, 76 A. 2d 865 (1950) : "While in some jurisdictions nonsuits may be asked at any time before a verdict, it seems in our jurisdiction a compulsory nonsuit for insufficiency of the evidence may be moved for or granted only whenever the defendant upon the trial of the cause has offered no evidence: Act of March 11, 1875, P. L. 6, 12 PS 645. After the presentation of evidence in defense, a binding instruction or direction of a verdict is the proper method of terminating the action where there is insufficient evidence to support it."

The judgment of nonsuit was erroneously entered and must be reversed.

Judgment reversed with a venire facias de novo.

Mr. Justice EAGEN dissents.