Cox, Appellant, *v.* Equitable Gas Company.

Argued November 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

154

Before DONALDSON, JR., J.

*Gilbert E. Morcroft,* for appellant.

*James E. Coyne,* for appellee.

OPINION BY CERCONE, J., April 3, 1974:

The issue raised by this appeal is whether the evidence produced by the plaintiff is sufficient to entitle him to have his case submitted to the jury.

On January 17, 1968, while plaintiff was on an extended visit to Mississippi, he received notification that the water pipes in his residence had burst and had damaged the house and its contents. Plaintiff filed suit in trespass alleging that the negligence of the defendant gas utility company was a proximate cause of the damages. The complaint alleged that defendant was negligent in failing to furnish a supply of gas sufficient to keep operable plaintiff's gas fueled house appliances which resulted in the bursting of the pipes and the damage to the property. After plaintiff rested his case as to negligence the lower court granted the defendant's point for binding instructions and directed a verdict in favor of the defendant. Plaintiff then filed a motion for new trial which was denied and thus this appeal.

The evidence produced by the plaintiff in this case is summarized as follows: Plaintiff and a next-door neighbor are serviced off the same line of the defendant gas company. In November of 1967 the plaintiff's neighbor apprised the gas company of a shortage of gas supply in her home. On December 23, 1967, plaintiff departed his residence for a visit to Mississippi. Prior to departure all of the gas appliances in his residence including the furnace and water tank were operable.

On December 31, 1967, defendant's neighbor again experienced a shortage of gas supply in her home which caused the pilot lights in all her gas appliances to extinguish. On January 17, 1968, plaintiff received notice in Mississippi of the damage to his residence. In November, 1967, when plaintiff's neighbor experienced a shortage of gas supply and again in June of 1968 when gas company representatives talked to plaintiff, its representatives admitted that they were aware that the pressure in the gas line which served plaintiff's home and his neighbor's residence had dropped in November, 1967, and again on December 31, 1967. Furthermore, the representatives informed plaintiff's neighbor that this was the result of the gas line supplying the area which was too small to supply all the houses which were being served by it.

The standard of evidentiary adequacy for submission of a case to the jury differs from the standard of proof necessary to avoid a judgment n.o.v.: *Devenney v. North Franklin Township Volunteer Fire Department, Inc.*, 209 Pa. Superior Ct. 378, 228 A. 2d 61 (1967). A plaintiff's evidence is sufficient to go to a jury when the facts, whether based upon direct or circumstantial evidence, are such that a reasonable jury could conclude that liability should rest with the defendant: *Devenny v. North Franklin Township Volunteer Fire Department, Inc.*, supra; *Smith v. Bell Telephone Co. of Pa.*, 397 Pa. 134, 153 A. 2d 477 (1959). While there may have conceivably been other causes of plaintiff's damages, plaintiff need not eliminate each and every one of them in proving that the defendant's negligence proximately caused plaintiff's loss. Thus, on a motion for a directed verdict, the court must accept as true all facts and proper inferences which tend to support the contention of the party against whom the motion has been made and must reject all testimony and inferences to the contrary. *Continental Super-*

*market Food Service v. Soboski,* 210 Pa. Superior Ct. 304, 232 A. 2d 216 (1967) ; *Leschnski v. Pittsburgh Railways Co.,* 409 Pa. 102, 185 A. 2d 538 (1962).

Accepting as true the evidence introduced by the plaintiff and the inferences which can properly be drawn therefrom, it is not inconceivable that a reasonable mind could reach the conclusion that the defendant breached its statutory duty to supply gas,[1] and that the breach of this duty was the proximate cause of the damage to the plaintiff's residence. Since plaintiff's evidence does tend to show that what occurred was due to defendant's negligence, it was improper to withdraw this case from the jury: *Devenney v. North Franklin Township Volunteer Fire Department, Inc.,* supra; *Lewis v. U. S. Rubber Company,* supra; *Smith v. Bell Telephone Co. of Pa.,* supra. Only a clear case should be removed from the jury, and if there is any doubt the motion should be denied: *Templin v. Harbold,* 210 Pa. Superior Ct. 310, 231 A. 2d 883 (1967) ; *Calloway v. Greenawalt,* 418 Pa. 349, 211 A. 2d 435 (1965). We do not decide whether plaintiff's evidence is so weak that a judgment n.o.v. would not be improper. The only issue is whether the plaintiff submitted sufficient evidence to have his case submitted to the jury. Under the applicable standard set out above, plaintiff has done so.

The decision of the lower court is reversed and a new trial is granted.

JACOBS, J., concurs in the result.

---

[1] Act of 1885, May 29, P. L. 29, Sec. 10 et seq. as amended, 15 P.S. §3547.