533 A.2d 1034

**Rodolfo FOLINO and Lidia Folino, Appellants,**

**v.**

**Howard J. YOUNG, Jr., Judith N. Agsten, and Kendall Stitzel, Appellees.**

Superior Court of Pennsylvania.

Argued April 28, 1987.

Filed Oct. 21, 1987.

Reargument Denied Dec. 11, 1987.

John R. Badal, Reading, for appellants.

David M. Kozloff, Reading, for Young, appellee.

Before OLSZEWSKI, DEL SOLE and BECK, JJ.

OLSZEWSKI, Judge:

Appellants appeal from the trial court's order dismissing their motion for post-trial relief. In this appeal, we must decide: (1) whether the trial court, in a subsequent civil action, erred by excluding evidence of appellee Young's

prior criminal conviction which arose out of the same facts that were the focus of the civil action; and (2) whether appellants are entitled to a directed verdict against appellee Young on the issue of negligence.[1] For the reasons stated below, the order of the trial court is reversed and the case remanded for a new trial. Trial court to enter a directed verdict for appellants on the issue of negligence. Jurisdiction is relinquished.

The present action arose out of a collision which occurred in the early afternoon of December 15, 1980, on U.S. Route 22, a three-lane highway, in Maidencreek Township, Berks County. Appellee Young was driving in a southerly direction in the southbound lane and upon entering a left-hand curve, crossed into the right-hand northbound lane where a collision occurred with appellants' northbound vehicle. Subsequently, two additional northbound vehicles were involved in the collision. A passenger in appellee Young's vehicle died in the collision and, in a prior criminal jury trial, Young was convicted of homicide by vehicle (75 Pa.C.S.A. § 3732) based on his conviction for driving at an unsafe speed (75 Pa.C.S.A. § 3361).

Appellants thereafter initiated the instant civil action against appellee Young for damages arising out of the same collision.[2] The jury found that appellee Young was not negligent and entered a verdict in his favor. Appellants filed a post-trial motion requesting a new trial or, in the alternative, a partial directed verdict against Young on the issue of liability. The trial court denied appellants' motion and this timely appeal followed.

1. Appellants additionally contend that the jury's finding of no negligence on the part of appellee was against the weight of the evidence, against the law, and contrary to the charge of the court. We need not address these issues, however, since the case is remanded for a new trial.

2. Appellants' complaint asserted a cause of action not only against appellee Young, but also against Kendall Stitzel and Judith N. Agsten, the alleged owners of the vehicle Young was operating at the time of the accident. These defendants, however, were removed from the case. The trial court entered a compulsory nonsuit in favor of Stitzel and Agsten was dismissed as a defendant by agreement.

Central to this appeal is appellants' contention that the trial court erred by excluding evidence of Young's prior criminal conviction which arose out of the same facts that were the focus of the subsequent civil action. Appellants contend that Young's prior conviction should have been admitted as conclusive evidence that Young was operating his vehicle at an unsafe speed and was, therefore, negligent at the time of the collision.[3]

It is well established that questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will be reversed on appeal only where a clear abuse of discretion exists. *See Camp Construction Corp. v. Lumber Products Co.*, 311 Pa.Super. 381, 457 A.2d 937 (1983). We agree with appellants that the trial court abused its discretion in excluding evidence of Young's conviction for driving at an unsafe speed.

The leading Pennsylvania case concerning the admissibility of a criminal conviction in a subsequent civil trial is *Hurtt v. Stirone*, 416 Pa. 493, 206 A.2d 624 (1965) *cert. denied*, 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684, in which our Supreme Court found that proof of an extortion conviction was conclusive evidence of the fact of extortion in a subsequent civil suit against the convicted extortioner. In *Hurtt*, our Supreme Court recognized that "in Pennsylvania, judgments in criminal cases for years were held inadmissible to establish the facts in a civil case. But the tendency of recent decisions is away from enforcing a rigid rule." *Id.*, 416 Pa. at 497, 206 A.2d at 626. The Court further stated:

In so deciding, we recognize a valid existing distinction in cases involving the record of conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's "trial technique." In such

---

**3.** Appellants do not contend on appeal that the trial court erred by excluding evidence of Young's conviction for homicide by vehicle. Rather, appellants argue that the trial court erred by excluding only evidence of Young's conviction for driving at an unsafe speed.

cases, it is not obvious that the defendant has taken advantage of his day in court ...

\* \* \* \* \* \*

The policy shifts with regard to major criminal convictions such as the one presented. We find it incredible in such a situation that a defendant would present less than his best defense, knowing that his failure would result in the loss of substantial property, or even his liberty. *Id.*, 416 Pa. at 499, 206 A.2d at 627 (citation omitted) (footnote omitted).

■ In the instant case, the trial court, relying on *Hurtt,* concluded that Young's conviction for driving at an unsafe speed was "merely a summary offense which is clearly not admissible in a subsequent civil action...." Trial court opinion at 4. If Young had been convicted only of driving at an unsafe speed, we would agree with the trial court's conclusion.[4] Appellee Young, however, was not merely convicted of driving at an unsafe speed, but was convicted of homicide by vehicle based on his conviction for driving at an unsafe speed. Homicide by vehicle is defined as follows:

### § 3732.  Homicide by vehicle

Any person who unintentionally causes the death of another person *while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the*

---

**4.** We do not reach this conclusion merely because a motor vehicle code violation is involved.  A motor vehicle code violation may be either a "major criminal conviction" which is admissible in a subsequent civil trial or a "minor matter" which is not admissible in a subsequent civil trial. *See Hurtt, supra.*  In *Cromley v. Gardner,* 253 Pa.Super. 467, 385 A.2d 433 (1978) (en banc), this Court stated:

[T]he *Hurtt* court was not dealing with a conviction of a motor vehicle code violation.  Therefore, it is understandable that no attempt was made to categorize vehicle code violations according to their degree of seriousness.  It cannot be contended, however, that all code violations are of equal gravity.

*Id.,* 253 Pa.Superior Ct. at 472, 385 A.2d at 435.  In the instant case, violation of 75 Pa.C.S.A. § 3361, "Driving vehicle at safe speed," is a "minor matter" since it is a summary offense (75 Pa.C.S.A. § 6502(a)) which is punishable only by a fine of $25 (75 Pa.C.S.A. § 6502(c)) and the imposition of two points against the driver's record (75 Pa.C.S.A. § 1535(a)).

*regulation of traffic* except section 3731 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death. 75 Pa.C.S.A. § 3732 (emphasis added). In the present case, the jury found that Young unintentionally caused the death of a passenger in his vehicle "while engaged in the violation of [a] law of this Commonwealth ... applying to the operation ... of a vehicle," i.e., driving at an unsafe speed in violation of 75 Pa.C.S.A. § 3361.

Based on the rationale in *Hurtt*, we conclude that the trial court abused its discretion by excluding evidence of Young's prior criminal conviction for driving at an unsafe speed. If Young had been successful in contesting the charge of driving at an unsafe speed in his criminal trial, he would not have been convicted of homicide by vehicle. Since homicide by vehicle is designated a misdemeanor of the first degree (75 Pa.C.S.A. § 3732), punishable by imprisonment of up to five years (18 Pa.C.S.A. § 1101(3)), Young had reason to assert "his best defense, knowing that his failure would result in the loss of substantial property, or even his liberty." *Hurtt*, 416 Pa. at 499, 206 A.2d at 627. Moreover, this was not a case involving a minor criminal conviction where "expediency and convenience, rather than guilt ... control the defendant's 'trial technique.'" *Id.* Rather, Young took full advantage of his day in court in an attempt to avoid conviction for homicide by vehicle based on a conviction for driving at an unsafe speed. Accordingly, the order of the trial court is reversed and the case remanded to the trial court for a new trial.[5]

5. The trial court also found that:

> Even assuming arguendo that the exclusion by the trial judge of defendant's prior convictions was erroneous, such error was not reversible error. The mere exclusion of evidence is not grounds for a new trial where evidence of the same fact was introduced by the party requesting a new trial.
>
> The trial judge, at the request of plaintiffs, instructed the jury on all Motor Vehicle Code sections which the plaintiffs claimed the defendant violated when the accident occurred, and with respect to which evidence was presented.

Since we are remanding for a new trial, we must determine whether the trial court must enter a partial directed verdict for appellants on the issue of negligence. A trial court may direct a verdict for plaintiff only if:

> ... there are no facts upon which a jury could properly find for the defendant. *Highland Tank and Mfg. Co. v. Duerr,* 423 Pa. 487, 225 A.2d 83 (1966). If there is a conflict of evidence, and the conflict provides a basis upon which a jury could possibly render a verdict for the party against whom the directed verdict is sought, the case must go to the jury. *Cox v. Equitable Gas Co.,* 227 Pa.Super. 153, 324 A.2d 516 (1974). However, the conflict must be real. If there is no more than a scintilla of evidence on the side ruled against, and a jury could not base its verdict upon that evidence, a directed verdict may still be proper. *Cromley v. Pa. R. Co.,* 211 Pa. 429, 60 A. 1007 (1905).

*Krupa by Krupa v. Williams,* 316 Pa.Super. 408, 415, 463 A.2d 429, 432 (1983).

■ In the instant case, there is no conflict of evidence on the issue of appellee Young's negligence since Young's violation of 75 Pa.C.S.A. § 3361 constitutes negligence per se.[6] *See Congini v. Portersville Valve Co.,* 504 Pa. 157,

Trial court opinion at 6–7 (citations omitted).

We, however, find that the trial judge's exclusion of evidence of appellee Young's prior conviction was reversible error. In *Eldridge v. Melcher,* 226 Pa.Super. 381, 313 A.2d 750 (1973), this Court stated: "[T]he exclusion of evidence may not be grounds for a new trial where said evidence would not have affected the verdict or where other evidence of the same fact was introduced by the party applying for the new trial." *Id.,* 226 Pa.Superior Ct. at 386, 313 A.2d at 756. Evidence of Young's prior conviction would have affected the jury's verdict since it is conclusive evidence of Young's negligence. *See* our discussion *infra.* In addition, evidence of the same fact, i.e., Young's prior conviction for driving at an unsafe speed, was not introduced by appellants. Rather, the trial judge merely instructed the jury on the motor vehicle code section which appellants claimed Young had violated.

**6.** Our Supreme Court explained in *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983), that:

> A finding of negligence per se does no more than satisfy plaintiff's burden of establishing that a defendant's conduct was negligent.

470 A.2d 515 (1983). Our Supreme Court explained in *In re Estate of Kravitz*, 418 Pa. 319, 211 A.2d 443 (1965), which was decided five months after *Hurtt, supra,* that:

[I]n *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 ... an action of assumpsit was brought by an employer to recover money extorted from him by defendant. *The Court directed a verdict for plaintiff.* The Court specifically ruled that since defendant has been convicted in a Federal Court of violating the Hobbs' Anti–Racketeering Act as a result of the money payments to defendant involved in the present civil action, the record of defendant's conviction was properly admitted in evidence and *conclusively* established the fact of defendant's extortion. The Court said (page 498, 206 A.2d page 626):

"The same principles of public policy enunciated in *Mineo [v. Eureka Security & Marine Ins. Co.,* 182 Pa.Super. 75, 125 A.2d 612 (1956)] and *Pennsylvania Turnpike Commission [v. United States Fidelity and Guaranty Co.,* 412 Pa. 222, 194 A.2d 423 (1963)], apply with equal force to the present case. The defendant was presented with more than ample opportunity to overcome the charges lodged against him while he was swathed in a cloak of presumed innocence. His case was twice presented to a federal jury which found him guilty of extortion beyond a reasonable doubt, upon the same facts which are now urged as the basis for his civil liability. To now hold that the effect of those jury determinations is nil not only would be to fly in the face of reason, but also *would be a general indictment of the whole American jury system."*

*Id.,* 418 Pa. at 326–327, 211 A.2d at 447 (emphasis in original).

See Section 288 B of the Restatement of Torts Second; *Prosser, Torts* Ch. 5 § 36 pp. 200–201 (4th ed. 1971). However, the burden remains upon plaintiff to establish that his complained of injuries were proximately caused by the statutory violations. *Kaplan v. Kaplan* 404 Pa. 147, 171 A.2d 166 (1961).
*Id.,* 504 Pa. at 163 n. 4, 470 A.2d at 518 n. 4.

We, consequently, conclude that upon remand of the case, the trial court shall enter a directed verdict for appellants on the issue of negligence.

Order reversed and case remanded for new trial. Trial court to enter a directed verdict for appellants on the issue of negligence. Jurisdiction is relinquished.

DEL SOLE, J., dissents with opinion.

DEL SOLE, Judge, dissenting:

I respectfully dissent. The Majority would conclude that the trial court abused its discretion by excluding evidence of Young's prior criminal conviction for driving at an unsafe speed. However, upon review of the record and the applicable case law, I disagree. Moreover, I am in total agreement with the reasoning employed by the trial court in deciding to exclude this evidence. *See* Trial Court Opinion, filed October 27, 1986.

In *Hurtt v. Stirone*, 416 Pa. 493, 206 A.2d 624 (1965), our Supreme Court discussed the admission of prior criminal convictions as conclusive evidence in subsequent civil actions arising from the same set of circumstances. The rule in that decision permitted the use of such evidence. As an exception, though, *Hurtt* excluded from the scope of its ruling the admission of convictions of relatively minor matters such as traffic violations and lesser misdemeanors. *Id.* at 206 A.2d at 627. Later, in *Loughner v. Schmelzer*, 421 Pa. 283, 218 A.2d 768 (1966), our Supreme Court reaffirmed this position by stating that, in an action for damages arising from an automobile accident, evidence that the plaintiff had been convicted of failure to drive on the right half of the highway was inadmissible even though it arose from the facts of the accident. *Id.* at 218 A.2d at 769.

It is my position that *Hurtt* and *Loughner* are controlling with respect to the admission of Young's prior conviction of driving at an unsafe speed. This violation has been classi-

fied by the Motor Vehicle Code as a summary offense. 75 Pa.C.S.A. § 6502. Thus, the prior conviction was properly excluded by the trial court.

The Majority would hold that, even though Young's conviction for driving at an unsafe speed was a summary offense, *Hurtt* would not preclude its admission at trial. In *Hurtt*, our Supreme Court wrote that "in traffic violations, expediency and convenience, rather than guilt, often control the defendant's 'trial technique'. In such cases, it is not obvious that the defendant has taken advantage of his day in court." *Id.* at 206 A.2d at 627. The Majority points out that Young's conviction for homicide by vehicle hinged upon his success in contesting the driving at an unsafe speed charge. Thus, Young had reason to assert his best defense since his failure would result in substantial loss of property or freedom. From this, the Majority concludes that "Young took full advantage of his day in court in an attempt to avoid conviction for homicide by vehicle based on a conviction for driving at an unsafe speed." Maj. op. 225. I disagree with the Majority's approach insofar as a determination of whether or not Young indeed took "advantage of his day in court" raises an issue collateral to the case at bar. Further, I do not believe that a decision of this nature can be simply based on a review of the record. Rather, if this Court were to utilize this analysis each time the preclusion of a prior minor conviction occurred, we would need to order a hearing to ascertain whether or not the defendant asserted his/her best defense. A collateral process such as this clearly is unsupported by *Hurtt's* holding.

As a practical matter, even if Young's prior conviction were to be considered admissible, its preclusion by the trial court amounted to harmless error. During trial, Appellants were permitted to introduce evidence of Young's driving at an unsafe speed. The trial judge aptly points out in his Opinion that the jury was then instructed on all Motor Vehicle Code sections which Appellants claimed Young violated. Driving at an unsafe speed was one of these sec-

tions. The trial court further instructed the jurors that if they found that Young violated this section of the Code, they were required to find that Young was negligent as a matter of law. The jury considered the evidence, along with the trial court's instructions, and apparently decided that the rate of speed at which the car was travelling did not precipitate the accident. Thus, the preclusion of Young's prior conviction was harmless.

Appellants attempt to circumvent *Hurtt* by stating that Young's conviction for homicide by vehicle based on driving at an unsafe speed was admissible since it did not fall within *Hurtt's* exception for minor traffic offenses. Homicide by Vehicle is a misdemeanor of the first degree. 75 Pa.C.S.A. § 3732. Appellants concede that it would have been unnecessary for the trial court to instruct the jury that Young had been found guilty of homicide by vehicle. Instead, Appellants argue that it would have been sufficient to instruct the jury that it had been conclusively established in a prior proceeding that Young was operating his vehicle at an unsafe speed and was therefore negligent as a matter of law. The trial court properly assessed the impact of this scheme by noting that the result of permitting plaintiff's introduction of this evidence "in the instant case would be nothing more than a circuitous method to admit into evidence, as conclusive evidence of negligence, that which comprises a clearly inadmissible summary offense." Trial Court Opinion, 10/27/86, 6.

Further, recently in *Commonwealth v. Heck*, 341 Pa.Super. 183, 491 A.2d 212 (1985), we found that the homicide by vehicle section of the Motor Vehicle Code was unconstitutional insofar as it violated due process of law by imposing criminal liability upon a mere showing of ordinary negligence. *Id.* at 491 A.2d at 221. Consequently, the legitimate connection between the homicide by vehicle conviction and Appellants' civil action becomes even more tenuous.

Accordingly, I would affirm.