**Rock A. PERRI, Plaintiff,**

v.

**Leo DAGGY, et al., Defendants.**

**No. S90–430 (RLM).**

United States District Court,
N.D. Indiana,
South Bend Division.

Oct. 11, 1991.

1346

George E. Herendeen, South Bend, Ind., for plaintiff.

Timothy W. Woods, South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on the eve of trial on several evidentiary and procedural issues. Plaintiff Rock Perri brings this action pursuant to 42 U.S.C. § 1983, alleging that officers of the Mishawaka Police Department used excessive force in arresting him on September 10, 1988. He sues the attending police officers for violating his Fourth Amendment right to be free from unreasonable seizure, *see Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), and sues the police chief for failing to admonish one of the officers for prior instances of alleged excessive force.

Several issues require resolution. First, the defendants seek to introduce evidence, under a collateral estoppel theory, of Mr. Perri's conviction on the state criminal charges underlying his arrest. Mr. Perri seeks to preclude any use of collateral estoppel because it was not pleaded affirmatively in the defendants' answer. Second, the defendants seek to exclude, and the plaintiff seeks to introduce, evidence of other alleged incidents of excessive use of force by one of the defendant police officers. Third, if evidence of other alleged incidents is admissible, the defendants seek to exclude a settlement of a civil suit arising from one such incident. Finally, the plaintiff seeks to amend the complaint so as to identify, and make a party, one of the police officers referred to in the complaint as "John Doe I".

### I.

Following his arrest, Mr. Perri was convicted in the Indiana courts of the resultant charges of disorderly conduct and resisting law enforcement. The defendants seek admission of the prior convictions to establish Mr. Perri's conduct on the night of the arrest, at least to the extent of the elements of the charges. Mr. Perri, the defendants maintain, is collaterally estopped from denying that he engaged in the conduct with which he was charged in the Indiana courts. Mr. Perri responds that the defendants cannot raise an argument of collateral estoppel because that defense was not specially pleaded as an affirmative defense under Fed.R.Civ.P. 8(c).

The authorities submitted by the parties are unpersuasive. The defendants rely on *Guenther v. Holmgreen*, 738 F.2d 879 (7th Cir.1984), which held the results of the underlying criminal action to be admissible. In *Guenther*, however, the plaintiff contended that his arrest was without probable cause; the state court already having determined that probable cause existed, the plaintiff was estopped to deny that the existence of probable cause. Mr. Perri, in contrast, makes no claim that the Mishawaka officers lacked probable cause to arrest him; he virtually concedes the existence of

probable cause. He claims that, probable cause or not, the officers used excessive force in arresting him. It should also be noted that a subsequent conviction does not estop an arrestee from challenging the existence of probable cause. *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir.1990).

Mr. Perri cites three cases in support of his claim that the collateral estoppel argument comes too late. None of those three addresses the circumstances of this case. In *Mozingo v. Correct Mfg. Co.*, 752 F.2d 168, 172 (5th Cir.1985), the court reversed the district court's entry of judgment notwithstanding the verdict, because the collateral estoppel theory on which the district court's ruling was based was not presented before trial. In *Travelers Indemnity Co. v. Arbogast*, 45 F.R.D. 87, 88–89 (W.D.Pa.1968), the court held that because doubt existed as to what was decided in the prior judgment, the defendant should proceed by way of answer rather than a dismissal motion. In *North Central Truck Lines, Inc. v. United States*, 381 F.Supp. 1217, 1220 (W.D.Mo.1974), the court set forth the general rule on which Mr. Perri relies, but held that the answer, which specifically pleaded *res judicata* as a defense, sufficiently raised the defense of collateral estoppel; indeed, the defendant prevailed on its collateral estoppel theory.

Here, however, the defendants do not seek to raise a defense. They seek to achieve two goals: first, to present proof of the convictions to the jury; and second, to estop Mr. Perri from denying the facts determined in the criminal case. Examination of these goals reveals that in this case, collateral estoppel is not presented as an affirmative defense. The facts sought to be proven through Mr. Perri's convictions constitute neither a full defense, as in *Mozingo*, or even a partial defense, as in *A.D.E., Inc. v. Louis Joliet Bank & Trust Co.*, 742 F.2d 395, 397 (7th Cir.1984).

The defendants may be found to have used excessive force even if Mr. Perri engaged in disorderly conduct and/or resisting law enforcement. An arrestee's commission of a crime does not justify the use of force without limit. Similarly, the defendants may be found to have used reasonable force even had Mr. Perri been acquitted of the underlying charges. Mr. Perri's guilt of the misdemeanor charges has no legal effect on the extent of damages in the event the defendants are found to have been liable. Conversely, the Indiana courts could not have determined Mr. Perri's Fourth Amendment claim in the context of the state criminal charges: If the state proved the essential elements of the charges against Mr. Perri, it would provide no defense that police officers did or did not severely beat him in the course of the arrest.

In short, the defendants' desired use of Mr. Perri's convictions is not in the nature of an affirmative defense. Estoppel would not have the effect of defeating Mr. Perri's claim in whole or in part. It may not be unsurprising that neither the court nor counsel have located a case addressing whether a party must specifically plead, as an affirmative defense, that which is not a defense. Nonetheless, the court so concludes. The defendants' failure to plead collateral estoppel as part of their answer does not preclude them from using Mr. Perri's convictions against him in this case.

Although the facts established in the prior convictions are not a defense, they are relevant to the case. The objective reasonableness of the defendants' conduct is dependent, in part, upon the plaintiff's conduct; the state convictions establish, in part, what the plaintiff's conduct was. Accordingly, the facts established in the state criminal cases are probative of a fact in issue, and thus, relevant. Fed.R.Evid. 401.

Mr. Perri also stated two other grounds for objection to admissibility of the evidence. He contends that the evidence is prohibited by Fed.R.Ev. 609 because the state crimes were not punishable by imprisonment for more than a year and did not involve dishonesty or false statement. The defendants, however, do not offer the evidence solely to attack Mr. Perri's credibility; they seek to prove the facts established in the state proceedings.

Rule 609 deals solely with the admissibility of prior convictions of a witness to

impeach credibility by an attack upon character for truthfulness through the establishment of a willingness to disobey the laws of society. Use of a prior conviction for other purposes, such as showing bias or interest, falls outside the scope of Rule 609.

M. Graham, *Handbook of Federal Evidence* § 609.1, at 477 (3d ed. 1991). Mr. Perri also cites several Indiana authorities, but the Federal Rules of Evidence govern this trial.

Finally, Mr. Perri argues that the doctrine of collateral estoppel cannot apply because "no Court has ever tried the issue of whether or not the Defendants used excessive force in arresting the Plaintiff." (Plaintiff's Supplemental Trial Brief, at 3). If the defendants sought summary judgment on Mr. Perri's excessive force claim on the strength of the state court judgment, the court would agree. The defendants may, however, use the evidence as establishing that Mr. Perri engaged in disorderly conduct and resisting arrest, propositions that shed light on, but cannot alone determine, whether excessive force was used.

Accordingly, the court concludes that the defendants' failure to plead an affirmative defense of collateral estoppel does not foreclose the use at trial of the resultant convictions.

## II.

At the pretrial conference, counsel indicated that Officer Paul Meribella, one of the arresting officers, had two or three prior instances of alleged excessive use of force in arrests. The plaintiff seeks admission of that evidence, and the defendants resist.

At the pretrial conference, the parties agreed to an unusual bifurcation of the trial. In the trial's first phase, the jury will determine the case with respect to the arresting officers; in the trial's second phase, the jury will determine the case against the police chief, Leo Daggy. Mr. Perri's case against Chief Daggy is based on the proposition that the chief knew or should have known of Officer Meribella's alleged prior misadventures, and should have curbed the officer's use of force.

The claim against Chief Daggy appears likely to be governed by the standard described in *Gibson v. City of Chicago*, 910 F.2d 1510, 1523 (7th Cir.1990): "In order to hold O'Grady liable as a supervisor, Mr. Gibson must prove O'Grady's personal involvement in the wrongful conduct, which, in a case alleging a failure to detect and prevent a subordinate's misconduct, means that the supervisor must act at least with deliberate indifference toward the misconduct." The court agrees with Mr. Perri that the evidence of alleged prior misconduct by Officer Meribella is highly relevant to the claim against Chief Daggy, and that evidence plainly should be admissible in the trial's second phase. *Carter v. District of Columbia*, 795 F.2d 116 (D.C.Cir.1986).

The court disagrees, however, that the evidence is admissible in the trial's first phase, in which Officer Meribella's liability will be determined. The admissibility of evidence of a person's other crimes, wrongs, or acts is governed by Fed.R.Ev. 404(b), a rule which applies to civil cases as well as to criminal cases. *Harris v. Davis*, 874 F.2d 461 (7th Cir. 1989). To be admissible, the evidence must (1) be directed toward establishing a matter in issue other than the defendant's propensity to commit the act in issue, (2) show that the other act is similar and close enough in time to be relevant for the purpose offered, (3) be sufficient to support a jury finding that the person committed the other act, and (4) have sufficient probative value so as not to be substantially outweighed by the risk of unfair prejudice. *United States v. Scop*, 940 F.2d 1004, 1009 (7th Cir.1991).

In the first phase of the trial, in which the claim against Chief Daggy will not be considered, evidence of Officer Meribella's alleged prior misconduct fails at least one, and perhaps two, prongs of that test. First, Mr. Perri's counsel indicated that the evidence is intended to demonstrate a pattern of conduct by Officer Meribella. The Seventh Circuit has held squarely that this

is not a permissible purpose under Rule 404(b). *United States v. Beasley*, 809 F.2d 1273, 1278 (7th Cir.1987). Second, the most recent prior incident that counsel could cite, without reference to records not then available in court, occurred in 1984, about four years before the incident in question, which does not appear to be sufficiently close in time to be predictive of intent, knowledge, or any other permissible subject, in September, 1988.

Accordingly, the court agrees with the defense that the evidence of Officer Meribella's alleged other instances of excessive force are inadmissible during the first phase of the trial.

### III.

■ Another issue concerns the prior Meribella incidents. At least one of those incidents resulted in the filing of a civil suit, which the City of Mishawaka (or, more properly, its insurer) settled. The defendants argue that the fact of settlement should be excluded under Fed.R.Evid. 408. The court agrees with the defendants that evidence of the settlement is not admissible to show Mishawaka's liability to that plaintiff, or to show Mishawaka's belief in its liability. *Kritikos v. Palmer Johnson, Inc.*, 821 F.2d 418, 423 (7th Cir. 1987); *Dolese v. United States*, 605 F.2d 1146 (10th Cir.1979). Such a purpose is not necessary for admissibility, however, and Rule 408, by its terms, prohibits only the use of such evidence "to prove liability for or invalidity of the claim or its amount".

If the city had to pay money as a result of Officer Meribella's alleged misconduct, Chief Daggy arguably would have had greater reason to know of, and to act upon, Officer Meribella's alleged misadventures. Rule 408 does not prohibit the use of a settlement to show a defendant's knowledge (particularly a defendant not claimed to have been involved in the compromise) or to demonstrate the unreasonableness of (or deliberate indifference inherent in) subsequent conduct.

Accordingly, the court agrees with Mr. Perri that evidence of the settlement is admissible in the trial's second phase. A limiting instruction would be appropriate should the defendants seek one. Fed. R.Evid. 105.

### IV.

■ Finally, at the pretrial conference, counsel for Mr. Perri informed the court that the officer identified in the complaint as "Defendant John Doe I" now can be identified as Officer Mark Tavernier; Mr. Perri seeks an amendment to the complaint naming Officer Tavernier as a defendant. The defendants object, arguing that the statute of limitations would preclude any claim against Officer Tavernier.

The motion to amend was made at the final pretrial conference on October 10, 1991; the incident at issue occurred on September 10, 1988. Because the statute of limitations applicable to claims under 42 U.S.C. § 1983 is two years, *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the claim would be untimely unless the amendment would relate back to the time of the filing of the original complaint pursuant to Fed.R.Civ.P. 15(c). Rule 15(c) requires that the proper defendant have had notice of the suit within the limitations period. *Schiavone v. Fortune a/k/a Time, Inc.*, 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The record contains no showing of actual notice to Officer Tavernier, and does not suggest an inference of actual notice. Suit was filed on August 30, 1990; service was made on September 5, five days before the expiration of the limitations period.

The Seventh Circuit has recognized the "identity of interest" theory under which notice is sufficient for purposes of Rule 15(c) if given to a named party with the same interest as the party proposed to be added. *Norton v. International Harvester Co.*, 627 F.2d 18, 21 (7th Cir.1980); *Simmons v. Fenton*, 480 F.2d 133, 136 (7th Cir.1973); *Harmon v. Adams & Sons Roofing Co.*, 120 F.R.D. 78, 80–81 (N.D.Ind.1987). The court is not convinced, however, of the existence of such an identity of interest with the city as to warrant application of the exception. Mr. Tavernier would be sued in his individual capacity and

would be subject to a punitive damages claim that cannot be asserted against the city.

Accordingly, because neither Officer Tavernier nor anyone with an identity of interest has been shown to have had notice of the suit within the limitations period, the court denies the motion to amend the complaint to name Officer Tavernier as a defendant.

## V.

For the foregoing reasons, the court now:

(1) CONCLUDES that the defendants' failure to plead an affirmative defense of collateral estoppel does not foreclose the use at trial of the resultant convictions;

(2) SUSTAINS the defendants' objection to evidence of Officer Meribella's alleged other instances of excessive force during the first phase of the trial;

(3) OVERRULES the defendants' objection to evidence of the city's settlement of earlier claim(s) against Officer Meribella to the extent such evidence is offered in the trial's second phase; and

(4) DENIES the plaintiff's motion to amend the complaint to name Officer Tavernier as a defendant.

SO ORDERED.