370

Harry R. GRAACK, Jr. and Eveline Graack, Plaintiffs,

v.

The BOROUGH OF NAZARETH, Roy Seiple, Michael Steven Melinsky, Gary Hammer and Joseph Roccosanto, Defendants.

Civ. A. No. 93–CV–3447.

United States District Court,
E.D. Pennsylvania.

May 20, 1994.

Robert J. Magee, Worth Law Offices, P.C., Eric R. Strauss, Allentown, PA, for plaintiffs.

Donald E. Wieand, Jr., Weaver, Mosebach, Piosa, Hixson & Marles, Allentown, PA, for defendants.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiffs allege that defendant police officers used excessive force in effecting the arrest of plaintiff Harry R. Graack. The trial in this matter is scheduled to begin on May 23, 1994. Plaintiffs have now brought a motion in limine and raised separate objections from a videotaped deposition in order to exclude two pieces of evidence from the trial: (1) evidence of plaintiffs' conviction in the arrest at issue in this case; (2) portions of a physician's testimony given during a videotaped deposition which plaintiff finds objectionable. We treat these areas of evidence in turn.

### 1. Plaintiff's Conviction

■ Plaintiff was arrested for, and ultimately convicted of, disorderly conduct and resisting arrest.[1] This § 1983 excessive force action arises from the very same arrest. Defendants urge admission of evidence of this conviction because, they argue, it is probative of whether the officers were justified in employing substantial force to overcome plaintiffs' resistance. Defendants point to 18 Pa.C.S. Section 5104, which defines the crime of resisting arrest as follows:

> ... if, with the intent of preventing a public servant from affecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

Defendants argue that plaintiff's conviction is relevant to the issue of the amount of force that was reasonably necessary to arrest plaintiff. Defendants cite authority for the

1. Plaintiff, Harry Graack, was charged originally with various criminal offenses, including aggravated assault, simple assault, resisting arrest and disorderly conduct. The aggravated assault charge was dismissed by the District Justice at the time of the preliminary hearing, and, after a jury trial, the Plaintiff was found guilty of the misdemeanors of resisting arrest and disorderly conduct, but found not guilty on the charge of simple assault. Plaintiffs Motion in Limine, ¶¶ 2–3.

proposition that convictions for disorderly conduct and resisting arrest are relevant in excessive force cases because the plaintiff's conduct is probative of the reasonableness of the defendant's conduct. *See Perri v. Daggy*, 776 F.Supp. 1345 (N.D.Ind.1991); *Palmerin v. City of Riverside*, 794 F.2d 1409 (9th Cir. 1986).

Plaintiffs respond by arguing that the probative nature of this evidence is outweighed by its potential for prejudice to the plaintiffs. Fed.R.Evid. 403. Citing *Diaz v. Cianci*, 737 F.2d 138 (1st Cir.1984), plaintiffs argue that a jury may be unduly prejudiced when confronted with evidence of a conviction, and may disregard their duty to determine whether the police used the force that was actually necessary under the circumstances. We note that the Fourth Circuit has recently taken a similar approach in *Kopf v. Skyrm*, 993 F.2d 374 (4th Cir.1993). The *Kopf* court held:

> If probable cause to arrest is present, the actual guilt or innocence of the arrestee is irrelevant to the amount of force that may be used. Just as the officers' actions ought not to be faulted through "the 20/20 vision of hindsight," so also should they not be absolved by it. Had [plaintiff] been the innocent victim of a tragic mistake, his story might have provoked popular consternation or served as grist for an investigative journalist's expose.

*Id.*, at 379. The *Kopf* court ruled that a § 1983 plaintiff's ultimate conviction for a store robbery was not relevant to the excessive force claim.

While we are impressed with the arguments of both the First and Fourth Circuits, we are persuaded by the recent decision of the Court of Appeals for the Seventh Circuit in *Calusinski v. Kruger*, 24 F.3d 931 (7th Cir.1994) holding that the evidence of plaintiff's conviction is indeed admissible. In *Calusinski*, the Seventh Circuit ·evaluated the use of state criminal convictions as evidence in subsequent federal section 1983 actions in light of 28 U.S.C. § 1738.[2]

Section 1738 provides the following with respect to the records and judicial proceedings of any court of any State within the United States:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court addressed the preclusive effect of criminal convictions in subsequent section 1983 actions in light of § 1738. The Court held: "Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgment emerged would do so." *Id.*, 449 U.S. at 96, 101 S.Ct. at 415.

The *Calusinski* court cited prior Seventh Circuit precedent and Illinois state law in ruling that evidence of a prior criminal conviction is admissible in a civil proceeding in Illinois as prima facie evidence of the facts upon which the conviction is based if those facts are relevant to some issue involved in the criminal proceeding. *Calusinski*, 1994 WL 186798, at *2, 1994 U.S.App. LEXIS 10814, at *7. Finding that a conviction for resisting arrest would be relevant and admissible in a subsequent Illinois state court civil proceeding for claims of excessive force, the court held that such a conviction was properly admitted by the trial court.

█ We are inclined to follow the approach of the *Calusinski* court. We believe that in Pennsylvania, with the exception of summary or minor traffic offenses,[3] criminal convictions are admissible in subsequent civil proceedings as evidence of the facts underly-

---

**2.** We note that neither the Fourth Circuit in *Kopf v. Skyrm* nor the First Circuit in *Diaz v. Cianci* discussed the relevance of 28 U.S.C. § 1738. The First Circuit did, however, adopt a similar analysis of the import of 28 U.S.C. § 1738 in *U.S.* *v. One Parcel of Real Property*, 900 F.2d 470 (1st Cir.1990).

**3.** *See* 42 Pa.C.S.A. § 6142.

ing the conviction. *See e.g. Stidham v. Millvale Sportsmen's Club,* 421 Pa.Super. 548, 618 A.2d 945 (1992); *Folino v. Young,* 368 Pa.Super. 220, 533 A.2d 1034 (1987), *aff'd,* 523 Pa. 532, 568 A.2d 171 (1990); *Cromley v. Gardner,* 253 Pa.Super. 467, 385 A.2d 433 (1978). Thus, plaintiff's disorderly conduct and resisting arrest convictions would be admissible in state court civil proceedings. Accordingly, we will permit evidence of plaintiff's conviction to be introduced in this matter. *See also Rodriguez v. Schweiger,* 796 F.2d 930, 932–933 (7th Cir.1986), *cert. denied,* 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 506 (1987); *Brown v. Green,* 738 F.2d 202, 206 (7th Cir.1984).

While the facts underlying plaintiff's conviction for resisting arrest are relevant to his claim of excessive force, it remains for the jury, of course, to decide whether, in fact, defendants used excessive force during the arrest in question.

### 2. Videotape Deposition Testimony

In their objections during the videotape deposition, plaintiffs seek to exclude certain portions of a videotaped deposition of John Iallegio, M.D. Plaintiffs make two basic assertions: (1) that certain testimony by the doctor was based on plaintiff's morphology and there was nothing elicited from the doctor regarding his experience, education or qualifications to substantiate his expertise to give such testimony and, (2) certain testimony of the doctor elicited during recross by counsel for the defendants exceeded the scope of the redirect examination by counsel for plaintiffs.

We will defer a ruling at this time with respect to plaintiffs' objections. Since we have only been supplied with limited excerpts of the deposition testimony, we feel that we lack a sufficient appreciation for the substance of the Dr. Iallegio's testimony necessary to rule on plaintiffs' motion. Consequently, we will reconsider plaintiffs' motion at the point during the trial when the videotaped deposition is presented. Until that time, we will not permit counsel for the defendants to make any reference whatsoever in the presence of the jury to the portions of

Dr. Iallegio's testimony which form the basis of plaintiffs' objections.